LETTS, Judge.
The State of Florida has filed an interlocutory appeal from an order suppressing evidence of opium seized as the result of a search warrant executed at 9:15 at night. We reverse.
The customary printed search warrant form in question was signed by the appropriate judge and included the following language:
. You or either of you, with such lawful assistance as may be necessary, are hereby commanded, in the daytime, NIGHTTIME or on Sunday AS THE EXIGENCIES OF THE SITUATION MAY REQUIRE, to enter and search. . (emphasis supplied).
At the hearing on the motion to suppress, the public defender’s office argued, in essence, that it is for the issuing magistrate only, never the executing police officers, *750 (the latter having the choice in the case sub judice), to determine whether the exigencies of the occasion would support a night time execution, and that the affidavit in support of the search must state probable cause for the necessity of any such nighttime execution. To buttress this contention, the public defender successfully cited State v. Collins, 317 So.2d 846 (Fla. 2nd DCA 1975), cert. den., Fla., 330 So.2d 16, which case the lower court accepted as authority for granting the motion to suppress.
It would appear that the language in the Collins case relied on by the public defender, and the judge, for this position must be the following:
The magistrate did not abuse his discretion in authorizing service of the search warrant at night. Section 933.10 F.S. specifically provides that the issuing magistrate may authorize a night-time search “as the exigencies of the occasion may demand or require.” The affidavit indicated that Collins would be at his home at approximately midnight on August 22, 1974, with a quantity of Cannabis. Id. at 847-848.
In our opinion, this language does not seek to indicate that the issuing magistrate, or judge, must be the only one to determine whether or not a nighttime, as distinct from a daytime, execution is permitted, and that further, he can only do so upon probable cause set forth in the affidavit supporting the request for a warrant. The language quoted above simply says that the magistrate may expressly authorize a nighttime search and, most certainly, we agree with that, for that is what Chapter 933.10 Florida Statutes (1975) so provides.[1] Said Chapter of the Florida Statutes states that a search warrant may be executed in the daytime or the nighttime as the exigencies of the occasion may demand or require, if expressly authorized to do so by the judge or magistrate issuing same. Such is exactly what was done here. A warrant was issued to be executed “. . .in the daytime or in the nighttime ... as the exigencies of the occasion may demand or require . . ..” This particular language in the warrant, as indeed the entire contents of the search warrant itself, is a direction to the chief of police and/or any of his police officers to do the magistrate’s or judge’s bidding, in the daytime or the nighttime, depending on the exigencies. Moreover, its clear import tracks the statute cited above.
As further support for our view, we would point out that the corresponding Federal Rule of Criminal Procedure 41(c) specifically provides that a search warrant must be executed in the daytime “unless the issuing authority, by appropriate provision in the warrant, and for reasonable cause shown, authorizes its execution at times other than daytime.” No such limiting language is found in Chapter 933.10 Florida Statutes (1975). Moreover, another Florida Statute pertaining to a cruelty to animals search warrant does specifically provide that “. . .no search shall be made . . . after sunset, unless specially authorized by the officer issuing the warrant upon satisfactory cause shown . .” Thus, it is demonstrated that the Florida Legislature is not unaware of limiting searches to the daytime when it wants to. See Section 933.02(5), Florida Statutes (1975).
We would add, parenthetically, although it is not essential to our holding, that the executing officer testified at the motion to suppress that nighttime searches are particularly desirable when dealing with drugs because the approach must be made without detection, otherwise the drugs are frequently flushed down the toilet. We need not decide as to whether this testimony, admitted over strenuous objection, was error (although harmless, as the judge ruled for the defense). We can, however, as a matter of common sense, agree. Detection of approaching police officers will not permit of the instant destruction of a stolen *751 motorcycle, either down the toilet or by way of the garbage disposal. Drugs, on the other hand, as every judge, criminal lawyer and law enforcement officer knows, are repeatedly gotten rid of by way of the toilet, and the exigencies of the occasion, surrounding any drug seizure, demands undetected approach or the search is a waste of the taxpayer’s time and money.
DOWNEY and ALDERMAN, JJ., concur.

. The reference in Collins to the affidavit’s contents is in our opinion, merely cumulative and was not essential to the result.