348 So.2d 395 (1977)
John Joseph CHURNEY, Jr., Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1504.
District Court of Appeal of Florida, Third District.
July 26, 1977.
Rehearing Denied September 28, 1977.
*396 Black & Denaro, Miami, for appellant.
Robert L. Shevin, Atty. Gen. and Arthur Joel Berger, Asst. Atty. Gen., for appellee.
Before PEARSON, NATHAN and HUBBART, JJ.
PER CURIAM.
John Joseph Churney was charged by information, tried without a jury and convicted of possession of cocaine, possession of more than five grams of marijuana and possession or sale of controlled substance implements. He was sentenced to 90 days in the county jail for possession of marijuana, and five years probation on the other two counts. His points on appeal concern the validity of the issuance and the execution of the search warrant and the sufficiency of the evidence.
The record reflects that on September 21, 1975, a detective with the public Safety Department narcotics unit observed approximately four marijuana plants growing on the fourth floor balcony of an apartment in a large Dade County apartment complex. The detective drew up an affidavit for a search warrant and presented it to a circuit judge who issued the warrant. The search warrant described the thing to be seized as *397 "a quantity of marijuana," described the location of the apartment and commanded the police to search the entire apartment day or night. On September 25, 1975, at approximately 10:00 p.m., the detective and six or seven officers executed the warrant. A search of the entire apartment produced sixteen marijuana plants from the balcony in addition to cocaine and various paraphernalia for the use of a controlled substance. The defendant and two women were arrested.
Defendant's motion to suppress the evidence seized in the search was denied and the physical evidence and laboratory report were admitted into evidence pursuant to stipulation of counsel. Defendant reserved the right to appeal the denial of the motion to suppress. He was found guilty and sentenced whereupon this appeal ensued.
As one of his points on appeal, defendant contends that the affidavit for search warrant failed to set forth facts sufficient to establish probable cause for the issuance of a warrant to search the apartment. As a general rule, an affidavit in support of a search warrant for a private dwelling must show probable cause on its face. Section 933.18, Florida Statutes; Panzavecchia v. State, 201 So.2d 762 (Fla. 3d DCA 1967). Both federal and state constitutions require that search warrants be supported by affidavits which state facts sufficient to permit an impartial magistrate to determine whether probable cause exists; and to be sufficient, the affidavit must state facts, not conclusions. State v. Malone, 288 So.2d 549, 550 (Fla. 1st DCA 1974), and cases cited therein. Probable cause for issuance of a search warrant cannot be based on mere suspicion, but rather must be based on facts known to exist. In assessing whether an affidavit establishes probable cause, the test is not whether the evidence would be admissible for the purpose of proving guilt at trial, but whether the information would lead a person of prudence and caution to believe that the offense has been committed. The test depends on probabilities determined by the factual and practical considerations of everyday life on which reasonably prudent and cautious persons, not legal technicians, act. Dunnavant v. State, 46 So.2d 871 (Fla. 1950); Gispert v. State, 118 So.2d 596 (Fla. 2d DCA 1960); Suiero v. State, 248 So.2d 219, 221 (Fla. 4th DCA 1971).
In our opinion, the affidavit in this case establishes probable cause to support a reasonable belief by the judge that marijuana was being secreted on the premises of the apartment to be searched. The affidavit stated pertinent facts: (1) the affiant personally observed approximately four plants; (2) the affiant identified the plants as being marijuana plants based on his past observation of over seventy marijuana plants; (3) these plants were growing on a fourth floor balcony which "balcony belonged to, and is a part of" the apartment to be searched. The only gain of access to the balcony was through the apartment. Thus, the issuing judge had before him facts, and not conclusions, which established that marijuana was on the premises.
The law prohibits the issuance of a warrant when an affidavit merely states conclusions and is devoid of supporting facts from which ultimate probable cause belief can be reasonable inferred. But where, as here, facts are contained in an affidavit, reasonable inferences can be made from them; for inference is the essence of probable cause. See Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948).
The defendant next contends that the search was illegally executed during the nighttime. In response, we adopt the reasoning of Judge Letts in dicta in State v. Nelson, 347 So.2d 749 (Fla. 4th DCA 1977), opinion filed June 17, 1977:
"... nighttime searches are particularly desirable when dealing with drugs because the approach must be made without detection, otherwise the drugs are frequently flushed down the toilet . . Detection of approaching police officers will not permit of the instant destruction of a stolen motorcycle, either down the toilet or by way of the garbage disposal. *398 Drugs, on the other hand, as every judge, criminal lawyer and law enforcement officer knows, are repeatedly gotten rid of by way of the toilet, and the exigencies of the occasion, surrounding any drug seizure, demands undetected approach or the search is a waste of the taxpayer's time and money."
For those reasons, and based upon our recognition of the fact that most drug dealings are conducted in the nighttime, we find no error in the denial by the trial judge of the motion to suppress on the ground that the search warrant was executed at night. Accord: Solis v. Superior Court of Monterey County, 63 Cal.2d 774, 408 P.2d 945 (1966).
Generally, a trial court's ruling on a motion to suppress comes to the appellate court with a presumption of correctness, and in testing the accuracy of the trial court's conclusion, the appellate court should interpret the evidence and all reasonable inferences and deductions capable of being drawn therefrom in a light most favorable to sustain the trial judge. Jester v. State, 339 So.2d 242 (Fla. 3d DCA 1976). No error having been shown in the denial of the motion to suppress on any of the grounds asserted by defendant, the trial court is affirmed.
Defendant's next point is that the evidence was insufficient to support a conviction on the charge of possession of marijuana. We agree and reverse the conviction and sentence thereon. The evidence presented by the State was insufficient to prove beyond a reasonable doubt that the defendant was in possession of the marijuana.
The remaining points on appeal are without merit and will not be discussed in this opinion.
Affirmed in part and reversed in part.