369 So.2d 386 (1979)
STATE of Florida, Appellant,
v.
Stephanie June HEAPE, Appellee.
No. 78-1475.
District Court of Appeal of Florida, Second District.
March 28, 1979.
*387 Jim Smith, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellant.
Jeffrey L. Myers, Clearwater, for appellee.
SCHEB, Judge.
The state challenges the trial court's order suppressing evidence seized pursuant to a search warrant. The trial court held the affidavit underlying the search warrant was insufficient. We disagree and reverse.
Detectives Canali and Brock of the Vice and Narcotics Division of the St. Petersburg Police Department applied to Circuit Judge Charles W. Burke for a search warrant to search for contraband drugs in an apartment. In their affidavit the officers described in detail the premises to be searched and stated that it was their belief that contraband drugs would be found in the designated apartment. The officers articulated the basis of their belief as follows:
Your Affiants [sic] reason for this belief are [sic] that in their capacity as detectives with the Vice and Narcotics Division of the St. Petersburg Police Department, they had occasion to make a purchase of twenty pills containing morphine from the above described premises through an individual STANTON BALDWIN, said sale occurring at approximately 5:00 PM on December 29, 1977. Your Affiant CANALI states that along with an individual JOHN SMITH, he contacted the said STANTON BALDWIN for the purpose of making such a purchase. BALDWIN indicated to your Affiant CANALI that he had a source which could supply the morphine tablets. On December 28, 1977, your Affiant CANALI and SMITH picked up the said STANTON BALDWIN and BALDWIN directed them to the above described apartment building. BALDWIN then informed your Affiant CANALI that he would check to see if his source was home and CANALI observed the subject BALDWIN walk up the above described stairwell on the north side of said building leading to the above described apartment and then return a short time later indicating to your Affiant that his source was not in, but would return in a few minutes. Your Affiant was unable to complete the transaction that date and arranged with BALDWIN to return the next day to purchase the said controlled substances.
Your Affiant CANALI further states that on December 29, 1977 at approximately 4:30 PM, he, along with subject SMITH, met BALDWIN for the purpose of completing the sale. Your Affiant CANALI states that BALDWIN directed him to drive to the same location, and that his source for the morphine was at home, that the transaction could be completed. Your Affiant CANALI further states that he drove BALDWIN to the above described apartment building and observed him walk over to the same above described stairwell and walk up it, disappearing from view. Your Affiant CANALI then observed BALDWIN return to the vehicle from the same location, where upon [sic] he informed your Affiant that the morphine could either be purchased in a quantity of 20 pills or 30 pills, indicating that his source in the apartment currentlh [sic] had 30 pills. Your Affiant CANALI and SMITH indicated they wished to purchase only 20 pills, and CANALI observed SMITH hand $360 in currency to BALDWIN and observed BALDWIN walk back to same above described location. A few minutes later, BALDWIN returned from the same location, the above described stairwell, requesting that they leave the area. BALDWIN then headed [sic] SMITH the 20 pills in the presence of your Affiant CANALI, which same pills were turned over to your Affiant CANALI. One of the said pills has been presumptively tested by your Affiant CANALI and thereby verified as being morphine.
Your Affiant BROCK states that in his capacity as a detective, he assisted in surveillance of the subject BALDWIN during the above described transaction on December 29, 1977. Your Affiant *388 BROCK states that he observed BALDWIN after first leaving the vehicle, walk up the above described stairwell leading to apartments E and F, and turn to the left (east) toward the entrance to apartment E and away from apartment F and disappear. Affiant BROCK subsequently saw the defendant come down the stairwell, then return a second time, again walking toward the entrance to apartment E. Your Affiant BROCK states that the doors to apartments E and F are the only doors accissible [sic] from this location and that BALDWIN could only have entered into apartment E. BALDWIN again exited, walking down the stairwell and back to CANALI'S vehicle.
Your Affiant CANALI further states that the subject BALDWIN was subsequently arrested for this offense and after being interviewed by DETECTIVE G. CHAPMAN, St. Petersburg Police Department, stated that the substances had been purchased from subject ALAN BARNES.
Judge Burke issued the search warrant as requested on December 29, 1977. A search conducted on the following day yielded contraband drugs, and the state subsequently charged appellee with three counts of unlawful possession of controlled substances. Appellee moved to suppress the evidence and Circuit Judge David F. Patterson granted the motion "for the reason that the warrant and affidavit are defective in that they do not contain a full statement that would indicate that the alleged drug transaction took place in the apartment described in the warrant."
We think the trial judge was incorrect in the standard by which he judged the sufficiency of the affidavit.
The proper test of the sufficiency of an affidavit for a search warrant is whether a reasonable person, knowing all the facts which the affiants knew, would have believed there was probable cause to search under the circumstances. State v. Knapp, 294 So.2d 338 (Fla.2d DCA 1974), cert. denied, 302 So.2d 415 (Fla. 1974); Paula v. State, 188 So.2d 388 (Fla.2d DCA 1966).
We have carefully examined the recitals made by the police officers in their affidavit. Although it is true, as appellee Heape contends, that Baldwin could have obtained the morphine tablets elsewhere and could have been going through an elaborate charade, the likelihood of that seems to us to be far less than the probability that Baldwin's actions were what they purported to be. Given Baldwin's statement the day before the completion of the transaction that his source "was not in," we believe it would be reasonable to conclude that his source lived in or was staying in the apartment in question. Based on the totality of the information recited in the affidavit and the reasonable inferences that can be drawn therefrom, we conclude that the affidavit was sufficient to show the police had probable cause to believe there were drugs inside the apartment they sought to search.
Affidavits for search warrants should not be scrutinized for technical niceties. As the United States Supreme Court pointed out in United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684, 689 (1965):
[T]he Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.
See also State v. Jacobs, 320 So.2d 45 (Fla.2d DCA 1975).
*389 When we measure by the test of what a reasonable man would have believed had he known all of the facts stated by the officers in their affidavit, we must conclude that there was probable cause to believe that there were contraband drugs in the apartment in question. We must remember that the facts constituting probable cause need not meet the standard of conclusiveness and probability required of the circumstantial facts upon which conviction must be based. State v. Outten, 206 So.2d 392, 397 (Fla. 1968).
Accordingly, the order suppressing the evidence against appellee Heape is reversed and the cause remanded for further proceedings consistent with this opinion.
BOARDMAN, Acting C.J., and OTT, J., concur.