378 So.2d 50 (1979)
Joseph BOVINO, III, a Minor, Etc., et al., Appellants,
v.
METROPOLITAN DADE COUNTY, Appellee.
No. 79-298.
District Court of Appeal of Florida, Third District.
December 4, 1979.
Rehearing Denied January 16, 1980.
Carey, Dwyer, Cole, Selwood & Bernard and Steven R. Berger, Miami, for appellants.
Stuart L. Simon, County Atty. and John E. Finney, Asst. County Atty., for appellee.
Before HAVERFIELD, C.J., and SCHWARTZ, J., and MELVIN, WOODROW M. (Ret.), Associate Judge.
PER CURIAM.
Minor plaintiff, Joseph Bovino, and his father appeal a summary final judgment for the defendant landowner, Metropolitan Dade County, in this negligence action.
Dade County, defendant-appellee, is the owner of an undeveloped tract of land located across a canal from the county's Bird Drive Park. The property in question consists of a rough dirt area with trees and shrubs being used on occasion by motorcycle riders as a motorcycle dirt track. Such use was not authorized by the county and on several occasions park employees gave warnings to the riders to stay off the premises. On the day in question, Joseph Bovino took his motorcycle to the track and along with other riders rode around for about two hours. He then parked the motorcycle on the outside of the track and began to walk across the track when he was struck by a *51 motorcycle driven by Bobby Regula. As a result, Joseph received serious injuries. Joseph's father on behalf of Joseph and himself filed the instant suit against Dade County for failure to exclude persons from using the area as a race track and/or to supervise such activities and/or to warn persons that such activities were not supervised and were prohibited. Following pre-trial discovery, Dade County filed a motion for summary judgment which was granted in its favor. Joseph and his father appeal. We affirm.
A trespasser is a person who enters upon the premises of another without license, invitation or other right and intrudes for some definite purpose of his own or at his convenience or merely as an idler. 62 Am.Jur.2d Premises Liability § 55 (1972); 23 Fla.Jur. Negligence § 54 (1959). The landowner's duty to a trespasser is to refrain from inflicting wilful or wanton injury upon him and upon discovery of his presence to warn him of known dangers not open to ordinary observation. Wood v. Camp, 284 So.2d 691, 693-94 (Fla. 1973). There is no duty to warn a trespasser of a dangerous condition if he is already possessed of knowledge of that condition. Margrabe v. Graves, 97 So.2d 498 (Fla. 1st DCA 1957).
Reviewing the facts presented in light of the above controlling principles of law, it is clear that Joseph Bovino entered as a trespasser upon the subject property which was not used for recreational purposes and not considered part of the public park located across the canal. It is also undisputed that Joseph was aware of the alleged dangerous condition that the premises were being used as a motorcycle racing track and his injury resulted from his own negligence and that of a third person, not as a result of a defective condition of the property. We conclude that the county owed no duty to Joseph. We have reviewed the following cases relied upon by appellants: Hix v. Billen, 284 So.2d 209 (Fla. 1973); Maldonado v. Jack M. Berry Grove Corp., 351 So.2d 967 (Fla. 1977); Heath v. First Baptist Church, 341 So.2d 265 (Fla. 2nd DCA 1977), and Bucher v. Dade County, 354 So.2d 89 (Fla. 3rd DCA 1978), and find they are factually distinguishable from the case at bar and, therefore, not applicable.
Accordingly, the summary final judgment is affirmed.
Affirmed.