385 So.2d 668 (1980)
STATE of Florida, Appellant,
v.
Timothy James LASSWELL, Appellee.
No. 78-2307.
District Court of Appeal of Florida, Second District.
June 4, 1980.
Rehearing Denied July 11, 1980.
Jim Smith, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellant.
Manuel M. Garcia, Tampa, for appellee.
PER CURIAM.
The state charged appellee with possession of more than five grams of marijuana. He filed a motion to quash a search warrant and to suppress the marijuana and other evidence seized thereunder. Following a hearing at which the court heard no testimony, it granted the motion. This is an appeal from the order of suppression.
Circuit Judge J.C. Cheatwood issued the search warrant on August 4, 1978. The affidavit upon which Judge Cheatwood based the warrant was signed by a narcotics agent of the Hillsborough County Sheriff's Department on the same date. The affidavit read as follows:
That your affiant was previously employed with the Pinellas County Sheriff's office from 1 June 1973 until 30 October 1974. That your affiant is a member of the Hillsborough County Sheriff's office and has been so employed since 1 November 1974. That your affiant has been assigned to the Inspectional Services Division as a narcotics investigator since 1 May 1976 and has investigated and arrested persons for violation of the Florida Comprehensive Drug Abuse Prevention and Control Act in his capacity as a narcotics investigator. Your affiant has also been a participant in narcotics arrest in *669 his employment with the Pinellas County Sheriff's office from 1 June 1973 until 30 October 1974 and in his employment with the Hillsborough County Sheriff's office since 1 November 1974. Your affiant has participated in the execution of numerous search warrants for narcotics, marijuana, and dangerous drugs, which has resulted in the arrest of persons violating the Florida Comprehensive Drug Abuse Prevention and Control Act. Moreover, your affiant is a graduate of the United States Department of Justice, Drug Enforcement Administration Narcotics School. Your affiant is personally familiar with the illegal possession, delivery and sale of narcotics, marijuana, and dangerous drugs in Hillsborough County, Florida. During the week of 30 July 1978, your affiant was contacted by confidential informant number 78-530, hereafter referred to as confidential informant. Said confidential informant advised your affiant that a white male known to confidential informant as Timothy J. Lasswell resides in an apartment as described in Exhibit "A" of the search warrant and is a dealer in marijuana which is being kept in the aforementioned residence.
During the week of 30 July 1978, your affiant was advised by confidential informant that during the week of 30 July 1978 said confidential informant was personally within the aforementioned residence and observed a quantity of marijuana within said residence and that the said marijuana was in the possession and control of the white male, known to said confidential informant as Timothy J. Laswell.
During the week of 30 July 1978, your affiant was advised by said confidential informant that the aforementioned apartment was apartment number 215 and is located on the east end of the first building west of Grove Terrace and south of Inverness Lane. Said building being light gold in color with dark brown trim and having a dark brown door which faces north. Said confidential informant advised that the aforementioned apartment has the address of 5411 Inverness Lane, Apartment 215, Temple Terrace, Hillsborough County, Florida.
During the week of 30 July 1978, your affiant accompanied by confidential informant proceeded to the area of the Candlewick Apartment Complex. Said confidential informant pointed out the residence in which the confidential informant had observed the marijuana during the week of 30 July 1978. Your affiant personally observed the aforementioned building and apartment to be as described by the said confidential informant.
During the week of 30 July 1978, your affiant was advised by confidential informant that the white male Timothy J. Lasswell operated a 1973 Chevrolet two door vehicle, with Florida registration ANW-762.
During the week of 30 July 1978, your affiant through independent investigation determined that Florida registration ANW-762 was in the name of a white male Timothy J. Lasswell.
Based on the above listed information, your affiant has probable cause to believe and does believe that the residence described in Exhibit "A" is being utilized as a storehouse for marijuana.
Your affiant offers the following to show the trustworthiness and reliability of the said confidential informant.
1. Your affiant personally accompanied confidential informant 78-530 to the residence described in Exhibit "A" and the confidential informant 78-530 pointed out the residence as the residence of a white male Timothy J. Lasswell.
2. Your affiant obtained the Florida registration ANW-762 from confidential informant which proved to be in the name of a white male Timothy J. Lasswell.
3. Your affiant has been personally acquainted with confidential informant 78-530 for approximately one (1) month and information provided by said confidential informant 78-530 was found to be true and correct.

*670 4. Confidential informant 78-530 has provided information in the past which has resulted in the pending arrest of one (1) individual for violation of the Florida Comprehensive Drug Abuse Prevention and Control Act, to-wit: delivery of marijuana.
5. The identity of the confidential informant is being withheld at this time but will be revealed to the judge issuing this warrant if need be.
6. Confidential informant 78-530 is familiar with marijuana and can readily recognize it in its various forms.
7. That confidential informant 78-530 has been inside said apartment and has advised affiant that the marijuana is kept by the said Tim Lasswell in the front bedroom thereof.
This affidavit adequately fulfilled the legal requirements necessary to obtain a search warrant. The information therein was sufficiently current. House v. State, 323 So.2d 659 (Fla. 1st DCA 1975). The reliance upon the hearsay statements of the confidential informant was proper because the affidavit met the two-prong test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). First the affidavit showed that the informant had personally observed the marijuana in Lasswell's apartment. Second the credibility of the informant was indicated by the fact that he had furnished reliable information in the past. Moreover, the affiant's own investigation verified some of the information supplied by the informant. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). No one can doubt that the contents of the affidavit demonstrated probable cause.[1]See State v. Compton, 301 So.2d 810 (Fla. 2d DCA 1974); State v. Lewis, 225 So.2d 170 (Fla. 2d DCA 1969).
The basis upon which the lower court quashed the search warrant was its belief that the pertinent assertions in the affidavit were "mere conclusory statements unsupported by basic factual data to objectively show and illustrate how the informant knew or could have known that the substance he allegedly observed in the apartment was actually marijuana or that Defendant was a dealer in marijuana or how the affiant knew or could have known that the informant was familiar with and could recognize marijuana in its various forms."
In the absence of an articulation of facts to support it, the bald statement that Lasswell was a dealer in marijuana must be considered to be a conclusion and therefore disregarded. Spinelli v. United States. However, there is nothing else in the affidavit which could properly be characterized as a conclusion. The lower court apparently felt that the police affiant's statement that the informant was familiar with marijuana constituted a conclusion. To the contrary, we believe that the flat statement by the narcotics' agent that the informant "is familiar with marijuana and can readily recognize it in its various forms" carried with it the necessary implication that the affiant had firsthand knowledge that this was so. In any event, the further statement that the informant had previously provided accurate information pertaining to the delivery of marijuana substantiated his familiarity with that substance. In today's society an encounter with marijuana is not the unique experience it once may have been. Measured by any common sense standard, the affidavit sufficiently demonstrated that the informant knew what marijuana was when he saw it.
Courts should not scrutinize affidavits for search warrants for technical niceties. State v. Heape, 369 So.2d 386 (Fla. 2d DCA 1979). The United States Supreme Court in United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684, 689 (1965), cautioned:
[T]he Fourth Amendment's commands, like all constitutional requirements, are *671 practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.
Since the affidavit in this case formed a legally sufficient predicate for the issuance of the search warrant, we reverse the order suppressing the evidence obtained through the execution of the warrant.
GRIMES, C.J., and DANAHY, J., concur.
OTT, J., dissens with opinion.
OTT, Judge, dissenting.
I would affirm the order of the trial court granting the motion to suppress and therefore dissent from the majority opinion.
After a hearing on the motion to suppress, the lower court determined that the affidavit furnishing the foundation for the search warrant by which the evidence in question was seized did not comply with the requirements of law. The affidavit is quite wordy. At first blush  such as upon inspection by the issuing circuit judge  it appears to be quite detailed. More careful analysis, however,  such as by the circuit judge on the motion to suppress  reveals that the affidavit falls far short of the long established legal prerequisites for the issuance of a warrant to search a citizen's home. Section 933.18, Florida Statutes, explicitly prohibits the issuance of a warrant to search a private dwelling except on sworn proof by the affidavit of a creditable witness that he has reason to believe that [the law relating to narcotics or drug abuse is being violated therein], and such affidavit must set forth the facts on which the reason for belief is based. An affidavit which sets forth mere conclusions is insufficient and evidence seized pursuant to a warrant issued in reliance on such an affidavit must be suppressed. Weisberg v. State, 348 So.2d 385 (Fla. 2d DCA 1977).
The majority, like the magistrate, seems to have been overwhelmed by the verbiage and therefore concludes: "No one can doubt that the contents of the affidavit demonstrated probable cause." (See p. 670)
The material allegations in the search warrant may be separated into two categories: First, those by the officer as to the facts supporting a finding of probable cause to believe a crime has been committed; second, those as to the reliability of a confidential informant known less than a month, who is supplying those facts.
After stripping out the incidentals such as automobile description, tag number, registration information, street addresses, apartment location and description, etc., we are left with the following two allegations concerning the commission of a crime:
1. "[S]aid confidential informant advised your affiant that a white male known to confidential informant as Timothy J. Lasswell ... is a dealer in marijuana... ."
[Even the majority concedes this is pure conclusion and must be disregarded.]
2. "[Y]our affiant was advised by confidential informant that ... said confidential informant . .. personally ... observed a quantity of marijuana .. . in the possession and control of ... Timothy J. Lasswell."
[This statement is pure conclusion as to "possession and control." As to "marijuana" it fails to allege any specific quantity or estimate and, even worse, will require subsequent allegations to establish the ability of the confidential informant to reliably identify marijuana.]
*672 Concerning the reliability of the confidential informant and his expertise, the affidavit contains the following two allegations:
1. "3. Your affiant has been personally acquainted with confidential informant 78-530 for approximately one (1) month and information provided by said confidential informant 78-350 was found to be true and correct."
[Note: This, so far as the affidavit reveals, presumably refers to information about a street address, automobile description and registration or name of the owner of the auto and the location and description of his apartment, etc., but not as to experience or training in the identification of marijuana or any other contraband.]
2. "4. Confidential informant 78-530 has provided information in the past which has resulted in the pending arrest of one (1) individual for violation of the Florida Comprehensive Drug Abuse Prevention and Control Act, to wit: delivery of marijuana."
[Note: This tells us nothing about what the "information" consisted of, or whether or not the "pending arrest" will ever be made, let alone lead to a conviction or establish informant's reliability and expertise.]
Under the above circumstances I cannot fault the circuit judge for having concluded that the affidavit was improvidently issued on the basis of pure conclusions rather than demonstrable facts.
NOTES
[1] To the extent that weight should be given to findings of fact, deference must be accorded to the conclusions of the issuing magistrate rather than the judge who reviews the affidavit on a motion to quash. Bastida v. Henderson, 487 F.2d 860 (5th Cir.1973); State v. Brainard, 376 So.2d 864 (Fla. 2d DCA 1979).