388 So.2d 1050 (1980)
STATE of Florida, Appellant,
v.
Raymond Richard POWERS, Appellee.
No. 79-2302.
District Court of Appeal of Florida, Fourth District.
August 13, 1980.
Rehearing Denied October 30, 1980.
*1051 Michael J. Satz, State Atty. and Teresa Beazley Widmer, Asst. State Atty., Fort Lauderdale, for appellant.
J. David Bogenschutz of Varon & Stahl, P.A., Hollywood, for appellee.
HERSEY, Judge.
The state appeals from an order granting a motion to suppress evidence in a case in which appellee, Powers, was charged with six counts of violation of The Drug Abuse Law (Chapter 893, Florida Statutes (1979)).
The evidence was found during the execution of a search based upon a warrant. The affidavit supporting issuance of the search warrant was made by law enforcement personnel based upon a telephone conversation between Powers and an individual whose telephone was the subject of an authorized wiretap. A transcript of that conversation was attached to the affidavit.
The telephone conversation involved a lengthy discussion of quantities and prices of several controlled substances. At various times during the conversation Powers indicated that he did not have the drug or the quantity requested but could obtain it. Powers did state that he had some "bootleg" tuinals (barbituates) and a pound and a half of "pot" (marijuana). He did not, however, specifically say that these drugs were located in his residence.
The trial court, in granting the motion to suppress, found that "the affidavit is insufficient to show that the violations of state law alleged were being committed at 260 N.W. 46th Court, Hollywood, Florida, a residence house, and that there is no demonstrable nexus between the alleged contraband and that place described above to support issuance of the within search warrant,... ."
Section 933.18, Florida Statutes (1979) prohibits issuance of a search warrant for search of a private dwelling for violations of the law relating to narcotics or drug abuse unless the law is currently being violated within that private dwelling. Gerardi v. State, 307 So.2d 853 (Fla. 4th DCA 1975). Search warrants are issued upon probable cause and facts constituting probable cause need not meet the standard of conclusiveness and probability required of circumstantial facts upon which a conviction may be based. State v. Heape, 369 So.2d 386 (Fla. 2d DCA 1979). Thus, interpretation of the facts in a "commonsense and realistic fashion," United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684, 689 (1965), may result in an inference of probable cause to believe that criminal objects are located in a particular place to which they have not been tied by direct evidence. United States v. Valenzuela, 596 F.2d 824 (9th Cir.1979), cert. denied 444 U.S. 865, 100 S.Ct. 136, 62 L.Ed.2d 88 (1979).
In this case, the telephone conversation revealed that Powers had, within his control, marijuana and tuinal. The taped conversation was replete with references to drugs that Powers did and did not "have" and he was speaking from a telephone located in his residence. Therefore, it was reasonable to infer that there were contraband drugs in the house in question. That being so, the affidavit was a sufficient basis for issuance of the search warrant. The order suppressing use of the drugs as evidence is therefore reversed and the cause is *1052 remanded for such further proceedings as may be appropriate.
REVERSED and REMANDED.
LETTS, C.J., and ANSTEAD, J., concur.