433 So.2d 636 (1983)
Michael Thomas YOUNGER, Appellant,
v.
STATE of Florida, Appellee.
No. 82-248.
District Court of Appeal of Florida, Fifth District.
June 23, 1983.
*638 Daniel A. Smith of Law Offices of William J. Sheppard, P.A., Jacksonville, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant appeals from his convictions for possession of cocaine and possession of a firearm by a convicted felon.
Appellant contends that the evidence against him was discovered pursuant to an illegal search of his home in that the initial entry by police was without a warrant or his consent and the warrant which was ultimately obtained was based upon an insufficient affidavit.
The facts are as follows. On the morning of February 16, 1981, St. Johns County Deputy, Jimmy Evans, was called to a house near Switzerland, Florida, where he met Collette Pupello. She told the deputy that she had been staying at a nearby house with two men, "Frank" and "Mike." She overheard them talking about a person "Mike" had killed and they talked of killing her because she could not be trusted. Ms. Pupello said she grabbed a gun she had seen on a table, pointed it at the two men, and then ran into the woods, ultimately making her way to the house from which the police were called. After Ms. Pupello informed the deputy that she had noticed a box marked "grenades" in "Frank" and "Mike's" house, Agent Farnell of the Bureau of Alcohol, Tobacco and Firearms, was called in to assist.
The assistant state attorney was contacted the same morning, and after hearing Ms. Pupello's story, he concluded that it did not constitute probable cause so that a search warrant could be obtained. He suggested that an investigator be sent to talk to "Frank" and "Mike" and that "maybe they would let him in the house to look at the crates."
Two detectives, Stafford and Ferris, accompanied Agent Farnell to the house at about 3:00 p.m. Appellant answered the door and stepped outside. The officers identified themselves and informed appellant of Ms. Pupello's allegations, specifically the threats made against her and the presence of crates marked "grenades" inside the house. Appellant stated he did not know Ms. Pupello and that the allegations were unfounded. He also denied that anyone named "Frank" was inside the house. The officers asked to see the boxes inside the house. Appellant informed the officers that there were some crates in the boathouse and invited them to look at them. After examining these crates, Detective Ferris asked to see the boxes inside the house. According to appellant, he was told by the officers that if permission was not granted, a search warrant would be obtained. Officers Ferris and Farnell denied that any such remark was made.
Farnell and Ferris testified that appellant invited them into his house to look at the crates.[1] Appellant denied this and claimed that the officers followed him inside.
Once inside, the officers encountered two people, one of whom was Frank Orend. Detective Stafford observed a plastic baggie of marijuana on the living room coffee table. Another baggie of marijuana was discovered in one of the table's drawers. Appellant and Orend were then placed under arrest. A loaded .357 revolver was also observed and seized.
The house was secured by the officers and a search warrant was obtained. The search revealed a varied quantity of drugs, including cocaine, and additional firearms.
Appellant unsuccessfully moved to suppress the evidence obtained through the *639 initial entry as well as the evidence obtained pursuant to the search warrant.
As to the initial entry, appellant claims it was without his free and voluntary consent. He argues that Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), wherein the Supreme Court held that a warrantless arrest in a suspect's home is unreasonable absent exigent circumstances, applies here. It is apparently appellant's position that the state's failure to submit the matter to a judicial officer for a determination of probable cause after it became aware of Ms. Pupello's allegations, renders the entry constitutionally invalid. Appellant misconstrues Payton which only forbids a warrantless entry into a suspect's home for the purpose of making a routine felony arrest. Payton, 100 S.Ct. at 1375. It in no way prohibits the police from visiting a suspect's home and requesting entry (which the suspect is free to deny) for the purposes of investigation. That is exactly what occurred here. In any event, Payton v. New York does not apply where the suspect consents to the police officer's entry of his house. Busch v. State, 392 So.2d 272 (Fla. 1st DCA 1981). This brings us to the real issue here which is whether appellant consented to the officers' entry of his home. If so, then any contraband seen in plain view could be seized. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).
A warrantless entry is valid where consent is voluntarily and freely given. See Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Whether consent was freely and voluntarily given is determined from the totality of the circumstances and the burden is on the state to prove voluntariness. Id.; Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968). To sustain its burden, the state must prove voluntary consent by clear and convincing evidence. Norman v. State, 379 So.2d 643 (Fla. 1980); State v. Brown, 408 So.2d 846 (Fla. 2d DCA 1982). The state's burden is not satisfied by showing a mere submission to a claim of lawful authority. Florida v. Royer, ___ U.S. ___, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983).
However, it should also be emphasized that consent is a matter to be determined by the trial judge and his finding will not be overturned if there is sufficient evidence to support it. Chesnut v. State, 404 So.2d 1064 (Fla. 1981). See also Martin v. State, 411 So.2d 169 (Fla. 1982).
In the instant case, there is sufficient evidence to support the trial court's conclusion that consent was voluntarily and freely given. There was no detention of appellant, only two requests for consent and, at best, conflicting evidence as to whether the officers threatened to obtain a search warrant. See Boykin v. State, 309 So.2d 211 (Fla. 1st DCA 1975) (ample testimony, albeit conflicting, supported trial court's conclusion that consent to search was given).
Appellant next contends that the affidavit for the search warrant was insufficient. Detective Stafford stated in the affidavit that he had observed "a plastic bag of a substance that the affiant recognized to be cannabis" and which he seized and identified as cannabis. Appellant contends this was insufficient because no foundation was asserted for the affiant's training or experience in working narcotics cases.
Generally, an affidavit in support of a search warrant for a private dwelling must show probable cause on its face. Churney v. State, 348 So.2d 395 (Fla. 3d DCA 1977). Search warrants must be supported by affidavits which state facts sufficient to permit an impartial magistrate to determine whether probable cause exists. Id. To be sufficient, the affidavit must state facts, not conclusions. Id.
However, affidavits for search warrants should not be scrutinized for technical niceties. State v. Heape, 369 So.2d 386 (Fla. 2d DCA 1979). Such affidavits should be tested and interpreted by magistrates and courts in a common-sense and realistic fashion since they are usually drafted by non-lawyers in the midst of a criminal investigation. *640 United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).
Appellant relies on two cases, Churney v. State and State v. Lasswell, 385 So.2d 668 (Fla. 2d DCA 1980) and claims the failure of the affiant to state how he was able to identify the substance he observed as being marijuana renders the affidavit insufficient and voids the search warrant.
In Churney, the affiant, a police detective, averred that he observed four marijuana plants growing on appellant's balcony and that he identified the plants as being marijuana plants based on his past observation of over seventy marijuana plants. The court held that sufficient facts were alleged to support a finding of probable cause. In Lasswell, the appellate court rejected a claim that a police affiant's statement that an informant was familiar with marijuana constituted a conclusion. The court explained:
[W]e believe that the flat statement by the narcotics' agent that the informant `is familiar with marijuana and can readily recognize it in its various forms' carried with it the necessary implication that the affiant had firsthand knowledge that this was so. In any event, the further statement that the informant had previously provided accurate information pertaining to the delivery of marijuana substantiated his familiarity with that substance. In today's society an encounter with marijuana is not the unique experience it once may have been. Measured by any common sense standard, the affidavit sufficiently demonstrated that the informant knew what marijuana was when he saw it.
385 So.2d at 670.
In the instant case, Detective Stafford did not state that he identified the substance in the plastic bag as being cannabis based on his past experience in identifying cannabis or based on any past familiarity with the substance. However, we do not believe this omission renders the affidavit insufficient. In Miller v. Sigler, 353 F.2d 424 (8th Cir.1965), the petitioner alleged there was no showing before the magistrate that the officer was competent to identify the odor of marijuana. The court declared:
This contention is likewise without merit. If the officer presented hearsay evidence to the effect that someone else had smelled marijuana, perhaps some indication of this person's competence might be required by the magistrate. But when the police officer states that he personally witnessed the odor of narcotics, the magistrate should not be required to examine the officer's competency. Probable cause is not absolute certainty. The magistrate was no doubt aware that metropolitan police officers are usually familiar with narcotics, and that marijuana has an odor that is not commonly found in an urban apartment. Therefore, when an officer personally states that he detected the odor of marijuana from a particular room in an apartment dwelling, certainly this is sufficient probable cause to issue the requested warrant for a search of the room without initiating an examination of the officer's ability to accurately distinguish between narcotics and other similar odors. In addition, if petitioner's suggestion were followed it would add still another obstacle to effective law enforcement and further hamstring the police in their legitimate efforts to combat crime. We hold that there was a substantial basis for the magistrate to conclude that there were probably contraband narcotics in petitioner's room.
353 F.2d at 427.
Here, Detective Stafford averred that he observed a plastic bag of a substance he recognized to be cannabis and that he identified the substance as cannabis. He also stated that another quantity of cannabis was then discovered by Officer Ferris in a drawer in the same table upon which the first bag was found. These averments, while perhaps not as detailed as might be desired, were sufficient to permit the magistrate to determine whether probable cause existed for the search.
Appellant finally argues that even assuming that the affidavit was valid, *641 it did not establish probable cause for a search of his home. The term "probable cause" refers to a reasonable ground of suspicion. Swartz v. State, 316 So.2d 618 (Fla. 1st DCA 1975). The affiant in seeking a search warrant need not actually know that contraband is present in the premises sought to be searched, but need only have a reasonable ground to believe that such evidence is present. Swartz; State v. Malone, 288 So.2d 549 (Fla. 1st DCA 1974). Under the circumstances here, the affidavit, which established that two separate quantities of marijuana had been found in appellant's living room, provided reasonable cause to believe that other cannabis or narcotics were present in the house. We therefore conclude that the warrant was valid.
AFFIRMED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] According to Officer Ferris, appellant was asked by the officers if they could go in and see the crates "and appellant said yes." Agent Farnell testified that appellant "invited us in to see [the crates]. He assured us that he had no grenades."