STONE, Judge,
dissenting.
I would reverse the order suppressing the evidence. In my judgment the affidavit in support of the warrant contained ample reason to conclude that there was probable cause. See Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527, rek’g denied, 463 U.S. 1237, 104 S.Ct. 33, 77 L.Ed.2d 1453 (1983). See also, State v. Powers, 388 So.2d 1050 (Fla. 4th DCA 1980), rev. dismissed, 397 So.2d 778 (Fla.1981); State v. Jacobs, 437 So.2d 166 (Fla. 5th DCA), rev. dismissed, 441 So.2d 632 (Fla.1983). There is insufficient support in the record for deviating from the deference due the probable cause determination by the issuing judge. See Illinois v. Gates; United States v. Strauss, 678 F.2d 886 (11th Cir.), cert. denied, 459 U.S. 911, 103 S.Ct. 218, 74 L.Ed.2d 173 (1982). In any event, I would also reverse on the authority of United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677, reh’g denied, 468 U.S. 1250, 105 S.Ct. 52, 82 L.Ed.2d 942 (1984). I do concur in the conclusion that appellees had standing.