654 So.2d 596 (1995)
Kenneth POTTS and Lori Potts, his wife, Appellants,
v.
John JOHNSON, Appellee.
No. 94-414.
District Court of Appeal of Florida, Third District.
April 26, 1995.
*597 Kutner, Rubinoff & Bush and Susan S. Lerner, Miami, for appellants.
Adams & Adams and Anthony P. Strasius, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and BASKIN, JJ.
BARKDULL, Judge.
Appellant Potts is a Metro Dade police detective. On the night of February 19, 1993, he and a fellow detective, Hames, were investigating the theft of an all terrain-vehicle (ATV). Hames had been given the name of a possible suspect and he asked Potts to accompany him to that suspect's home. Hames and Potts went to appellee Johnson's home. Johnson was the father of the suspect Hames and Potts sought. The detectives knocked at the Johnson's front door but no one was home. Since no one answered the door, Hames left his business card on the door. From their vantage point in the front yard Potts and Hames could see nothing in the backyard of the house. Potts testified in his deposition that he and Hames then walked around to the backyard to search for the ATV. Hames testified in his deposition that he heard a television set playing in the house and saw a light on in the back of the house so he and Potts walked around to the rear of the house and knocked on the back door. Hames stated that after no one answered at the back door they shined their *598 flash lights around the backyard[1] looking for the stolen ATV. As he and Potts shined their lights around the backyard they saw an ATV parked in the far corner.[2] Hames and Potts then set out across the backyard to investigate. Potts stepped into a grass covered hole and was injured. Potts sued Johnson claiming negligence. Johnson moved for summary judgment arguing that Potts was illegally on the premises and thus was not entitled to the invitee status recently granted police officers lawfully on the premises pursuant to § 112.182, Florida Statutes (1990). After a hearing the trial court determined that Potts was not legally on the property and granted Johnson's motion. This appeal followed.
§ 112.182, Florida Statutes (1990), abolished the common law rule known as the "firefighter rule." Prior to the enactment of § 112.182 firefighters and police officers upon the land of another while carrying out their official duties occupied the status of a mere licensee. § 112.182, in pertinent part, states that:
(1) A fire fighter or properly identified law enforcement officer who lawfully enters upon the premises of another in the discharge of his duty occupies the status of an invitee ...
This case presents the following question of first impression:
Whether the law of search and seizure should apply in deciding whether a police officer is lawfully upon a premises in the discharge of his duty for purposes of § 112.182, Florida Statutes (1990).
Detective Potts urges that the law of trespass, and not search and seizure, is the controlling law, and that under the law of trespass he was not unlawfully upon Johnson's property because the property was not posted, fenced, or under cultivation pursuant to § 810.09, Florida Statutes.[3] Further, Potts argues that even if search and seizure case law is applicable, summary judgment was improper because a reasonable jury could find that Pott's entry onto the property was not in violation of search and seizure case law. Finally, Potts argues that even if he were a trespasser, and thus a mere licensee, summary judgment was still not proper because Johnson owed him a duty to refrain from wanton negligence, and that on the facts of this case there is a jury question regarding whether Johnson's actions rose to the level of wanton negligence.
Mr. Johnson argues that the trial court properly decided the issue by applying search and seizure law to the facts and determining that Potts was not lawfully on the property in the discharge of his duties. Further, Johnson argues that once the trial court determined that the search was improper, it properly applied the law of trespass to determine if under the common law Potts was lawfully on the property. Finally, Johnson argues that the trial court properly found that Potts was an undiscovered trespasser, that Johnson's only duty was to refrain from willful and wanton conduct and that as a matter of law Johnson's conduct was not willful and wanton.
Pursuant to § 112.182 a police officer is entitled to the same status as any other person lawfully on the property, that status being an invitee. The statute requires that a police officer's presence on the property of another be analyzed in light of the legality of the purpose for which the officer entered upon property. § 112.182, by it own terms, requires that the officer lawfully enter upon the premises of another in the discharge of his duty in order for its provisions to be applicable.
In the case sub judice Potts entered upon Johnson's property in his official capacity, *599 and if he was lawfully there in the execution of his official duties, then Potts may have a valid cause of action against Johnson. But, if Potts was not lawfully upon the property in the execution of his official duties, then his status must be determined under the common law. The question of whether a police officer is lawfully on the property in the execution of his official duties is best answered, as imperfect as it may be,[4] by reference to search and seizure case law.
Article I, § 12 of the Florida Constitution guarantees "The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches... ." All searches must be authorized by a valid search warrant, see generally Chapter 933, Florida Statutes, or fall within certain limited exceptions. See and compare Raffield v. State, 333 So.2d 534 (Fla. 1st DCA 1976), reversed in part on other grounds, 351 So.2d 945 (Fla. 1977). Those exceptions are consent, lawful arrest, hot pursuit, stop and frisk and probable cause with exigent circumstances.[5]See and compare Raffield; see also Hornblower v. State, 351 So.2d 716 (Fla. 1977). A police officer in the scope of his duties may approach a suspect's front door and knock in an attempt to talk to that suspect. See United States v. Santana, 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976); Younger v. State, 433 So.2d 636 (Fla. 5th DCA), rev. denied, 440 So.2d 354 (Fla. 1983). "Under Florida law it is clear that one does not harbor an expectation of privacy on a front porch where a salesman or visitor may appear at any time." State v. Morsman, 394 So.2d 408, 409 (Fla. 1981). The right to approach a front door though, is tempered by the general rule that the curtilage surrounding a home is entitled to the same protections as the home. A.E.R. v. State, 464 So.2d 152 (Fla. 2d DCA), rev. denied, 472 So.2d 1180, (Fla.) cert. denied, 474 U.S. 1011, 106 S.Ct. 541, 88 L.Ed.2d 471 (1985). A person's backyard thus falls within a "zone clothed by a reasonable expectation of privacy into which the government could not reasonably intrude to conduct a search." Morsman v. State, 360 So.2d 137, 138 (Fla. 2d DCA 1978), writ dismissed, 394 So.2d 408 (Fla. 1981) cert. denied, 452 U.S. 930, 101 S.Ct. 3066, 69 L.Ed.2d 431 (1981) (citations omitted). "Typically, the yard adjacent to a residential dwelling, particularly the part of the back yard blocked from view from the street by the dwelling, is clothed with a reasonable expectation of privacy from unreasonable governmental intrusion." Id., at 139 (footnote omitted). A police officer may be held liable in trespass for entering upon the property of another and conducting a warrantless search. Guin v. City of Riviera Beach, 388 So.2d 604 (Fla. 4th DCA 1980). Whether the facts of a case are sufficient to constitute the exigent circumstances and probable cause necessary to justify a warrantless search is a question for the trial court to determine as a matter of law. Guin. Finally, where a police officer has probable cause and is faced with exigent circumstances the officer will be deemed to be lawfully on the property and no cause of action in trespass will lie. Guin.
In light of the above general principles, it is clear that Potts had the right to enter Johnson's property and knock at the front door. Younger. It is equally clear that Potts could not have legally entered Johnson's backyard to make a search, absent an exception, without first obtaining a valid search warrant. Morsman; Raffield; Hornblower. It is undisputed that no warrant was issued prior to Potts' search, thus in order for Potts' search to have been lawful the situation must have been such that one of the exceptions to the search warrant rule appertained.
The record is clear that Potts did not have consent to search Johnson's backyard; that the search was not incident to a lawful arrest; *600 that Potts was not in hot pursuit of a suspect; or that the search was the result of a valid stop and frisk.[6]
The record does demonstrate that Potts and Hames were acting on a tip that stolen property was located on the premises and that they believed there was probable cause to search Johnson's backyard. That Potts had a good faith belief there was stolen property on the premises is not dispositive. In order to legally search the property without a warrant Potts and Hames needed more than probable cause, they also must have been faced with exigent circumstances necessitating immediate action on their part. Hornblower; A.E.R. It is clear from the record that there were no exigent circumstances in this case, thus we find that Potts was required to obtain a valid search warrant in order to lawfully search Johnson's backyard and having failed to do so his search was illegal. Having found that the search was unlawful, Potts did not lawfully enter upon Johnson's backyard in the discharge of his official duties. See and compare Guin; A.E.R.. In performing an illegal warrantless search upon the property of another, Potts was not lawfully upon the property for purposes of § 112.182, Florida Statutes (1990).
This holding though, does not end our inquiry. Detective Potts, although not lawfully on the premises in the exercise of his duties, still occupies some status while upon the property. Detective Potts urges that he is entitled to invitee status because pursuant to § 810.09[7] he was not a trespasser. § 810.09 is this state's criminal trespass statute and its purpose is to impose criminal liability upon those who trespass upon the land of others. We fail to see how the duty of care owed Potts in this negligence action should be determined by the fact that Potts may not have been in violation of a criminal trespass statute. The duty of care which Johnson owed Detective Potts is determined by reference to the common law rules governing the owners of property.
"A trespasser is one who enters upon the premises of another without license, invitation or other right, and intrudes for some definite purpose of his own, or at his convenience, or merely as an idler." Bovino v. Metropolitan Dade County, 378 So.2d 50, 51 (Fla. 3d DCA 1979). The record demonstrates that no one invited Potts on to the property, particularly the backyard, no one was home at the time Potts entered upon the property, and no one was aware that Potts was upon the property, thus Potts was an undiscovered trespasser. "The unwavering rule as to a trespasser is that the property owner is under the duty only to avoid willful and wanton harm to him, and upon discovery of his presence, to warn him of known dangers not open to ordinary observation." Wood v. Camp, 284 So.2d 691, 693-94 (Fla. 1973); See also Florida East Coast Ry Co. v. Southeast Bank, N.A., 585 So.2d 314 (Fla. 4th DCA 1991); Bovino. Since Potts has failed to allege in his complaint any willful or wanton behavior on Johnson's part, or that Johnson was aware of his presence on the property and yet failed to convey to him knowledge regarding known dangers upon the property, the trial court properly granted summary judgment in Johnson's favor.
Accordingly, the summary judgment under review is affirmed.
SCHWARTZ, Chief Judge (specially concurring).
This case does not concern whether detective Potts was engaged in "good police work," much less a criminal offense, when he was hurt, or whether he should recover at all for his injury  obviously, workers' compensation benefits are available. Rather, the issue is whether Johnson should be held civilly liable for the condition of his backyard to one he did not invite, welcome or permit there. I agree with the court's conclusion that there is no such liability.
NOTES
[1] Johnson's yard is approximately two acres in size.
[2] That ATV was not the stolen property sought.
[3] § 810.09. Trespass on property other than structure or conveyance

(1) Whoever, without being authorized, licensed, or invited, willfully enters upon or remains in any property other than a structure or conveyance as to which notice against entering or remaining is given, either by actual communication to the offender or by posting, fencing, or cultivation as described in s. 810.011, commits the offense of trespass on property other than a structure or conveyance.
[4] We are fully aware of the line of cases holding that the Fourth Amendment protects a person's expectation of privacy and not physical places or areas.
[5] "Plain View" doctrine has frequently been considered an exception to the warrant requirement. In reality, materials that are seized because they are in plain view of an officer who observes from a location where he has a legal right to be are not subject to [a] Fourth Amendment [analysis] ...
Hornblower v. State, 351 So.2d 716, 718 (Fla. 1977) n. 1.
[6] The "Plain View" doctrine also does not apply because Potts testified that the ATV was not in plain view.
[7] See note 3 supra.