THOMPSON, Judge.
The state appeals an order granting Paul Thomas Witherington’s motion to suppress evidence obtained after a deputy entered a private yard while investigating a misdemeanor. The only issue is whether Wither-ington had a reasonable expectation of privacy in his back yard. We find he did and affirm.
An Orange County Sheriffs Deputy went to Witherington’s house to investigate a complaint from a neighbor about improper use of a jet ski. Instead of going to the front door, the deputy walked through the carport to the rear of the house because he heard voices coming from there. When he reached the rear of the house, he saw three people sitting inside a sereened-in porch and he smelled the odor of marijuana. The sereened-in porch was attached to the rear of the house and was not visible from the front of the house. Witherington and his wife consented to a search of their persons and their bedroom. The deputy found additional marijuana in the bedroom, and a cannabis pipe in Withering-ton’s pocket. The deputy arrested Wither-ington and charged him with possession of more than 20 grams of marijuana and possession of drug paraphernalia. Witherington filed a motion to suppress evidence which the trial court granted, finding that Witherington had an expectation of privacy in his sereened-in porch.
The state concedes that the Fourth Amendment protects a home and the curti-lage of that home. The state argues, however, that Witherington’s back porch was not curtilage because there was no fence, and that it was reasonable for the deputy to go to the rear of the house to find the owner. The state contends that Witherington had no expectation of privacy since the home was not fenced, and since he could be seen through the screen.
Witherington points out that the sereened-in porch was attached to the rear of the house and was not visible from the road, the front of the house, or from any area exposed to the public. Thus, he argues, these facts support his contention that the deputy violated his reasonable expectation of privacy.
We find the case of Potts v. Johnson, 654 So.2d 596 (Fla. 3d DCA 1995), instructive. Although Potts is a civil case, the discussion is applicable to this criminal case. In Potts, a police officer was injured on private property while investigating the theft of a motor vehicle. He knocked on the front door of a residence, and, when he received no answer, he went to the back door to knock. While in the back yard, the officer stepped into a hole covered by grass. Potts sued the owner and the trial court granted the owner’s motion for summary judgment.
The appellate court held that search and seizure law applied to the analysis and found that a back yard is “within a ‘zone’ clothed by a reasonable expectation of privacy into which the government could not reasonably intrude to conduct a [warrantless] search.” Id. at 599. See also State v. Morsman, 394 So.2d 408 (Fla.), cert. denied, 452 U.S. 930, 101 S.Ct. 3066, 69 L.Ed.2d 431 (1981). The appellate court also wrote that all searches must be authorized by a warrant or fall within limited exceptions to be valid. In the instant case, the deputy had entered the zone where Witherington had a reasonable expectation of privacy — a screened porch attached to his house not visible without entering the back yard. See Florida v. Riley, 488 U.S. 445, 109 S.Ct. 693, 102 L.Ed.2d 835 (1989). There was no warrant and the deputy was on the property only to investigate a misdemeanor, a minor boating violation. He was not planning to arrest anyone nor did he articulate any exception *265 that would authorize his presence in Wither-ington’s back yard.
AFFIRMED.
GRIFFIN, C.J., and PETERSON, J., concur.