HARRIS, J.
Brockman owned a vacant, unfenced, tree-covered lot in an undeveloped section of a subdivision in St. Johns County. A deputy sheriff, while patrolling the area, observed a dog running loose near Brock-man’s lot. Because permitting a dog to run loose is a violation of a county ordinance, the deputy walked up a trail running into Brockman’s wooded lot in search of the owner. Instead he found trash, an old couch, and an abandoned truck. He also found in the bed of the truck and in the ground around the truck growing marijuana plants. There was no residence located on the property and the officer observed no one around. He left the area without disturbing the marijuana plants.
About a week later, the officer, while watching the property, observed Brock-man pull up in a vehicle and turn off his lights while the vehicle was still moving. The deputy approached Brockman and asked if he had been growing marijuana. Brockman admitted he had. After Brock-man was charged with cultivating marijuana, he moved to suppress the evidence because he claimed the officer had conducted an unconstitutional, warrantless search of his wooded lot. The trial court suppressed the evidence; we reverse.
Brockman relies on our previous opinion in State v. Witherington, 702 So.2d 263 (Fla. 5th DCA 1997), in which we held that an officer who, while investigating a misdemeanor, walked into the backyard of a residence and observed defendants smoking marijuana on the back porch of the residence had unconstitutionally intruded into an area of reasonably expected privacy. We find Witherington to be inapplicable to this case.
Here, we have an officer who entered vacant, unfenced, private property in search of an owner of a dog running loose. This is not a constitutional wrong. As the supreme court held in Oliver:[1] “[T]he special protection accorded by the Fourth Amendment to the people in their persons, houses, papers, and effects is not extended to the open fields.” Oliver, 466 U.S. at 176, 104 S.Ct. 1735. Since there is no curtilage involved in this case (Brockman’s vacant lot was, in effect, an open field), there was no legitimate expectation of privacy which would make the search unreasonable and thus there existed no valid grounds on which to suppress the evidence.
REVERSED and REMANDED.
COBB and SHARP, W., JJ., concur.

. Oliver v. United States, 466 U.S. 170, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984).