PER CURIAM.
Affirmed. See Minnesota v. Olson, 495 U.S. 91, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990)(concluding that the defendant, an overnight guest, had a reasonable expectation of privacy in the home in which he was staying and thus had fourth amendment standing to challenge a police intrusion into that home); Murray v. United States, 487 U.S. 533, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988)(concluding a search pursuant to a warrant was not an independent search if the agents’ decision to seek the warrant was prompted by what they had seen during the initial entry, or if information obtained during that entry was presented to the Magistrate and affected his decision to issue the warrant); Shannon v. State, 753 So.2d 148 (Fla. 3d DCA 2000)(observing that trial court’s ruling on motion to suppress is clothed with a presumption of correctness, and the reviewing court must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court’s ruling); State v. Witherington, 702 So.2d 263, 264 (Fla. 5th DCA 1997)(citing to Potts v. Johnson, 654 So.2d 596, 599 (Fla. 3d DCA 1995), and finding that a back yard was within a ‘zone’ clothed by a reasonable expectation of privacy into which the government could not reasonably intrude to conduct a [war-rantless] search); Gonzalez v. State, 578 So.2d 729 (Fla. 3d DCA 1991)(concluding that initial illegal search of house by police rendered involuntary subsequent verbal and written consent where police demonstrated by their initial “sweep” that they had absolute right to search premises and that “consent” was mere formality); State v. Fernandez, 501 So.2d 648 (Fla. 3d DCA 1986)(observing that invited guest in home had “reasonable expectation of privacy,” such as would give him standing to move to suppress evidence illegally seized from premises).