317 So.2d 846 (1975)
STATE of Florida, Appellant,
v.
Terry Lee COLLINS, Appellee.
No. 74-1499.
District Court of Appeal of Florida, Second District.
August 27, 1975.
Rehearing Denied September 11, 1975.
*847 Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellant.
Lex Taylor, of Taylor & Laurent, Lakeland, for appellee.
HOBSON, Judge.
The lower court granted Collins' motion to suppress the evidence seized in his private dwelling pursuant to a search warrant based upon the affidavit of a police officer. The court found that there was insufficient probable cause to warrant the search of Collins' residence, and insufficient probable cause to search the residence at night. The State has appealed this interlocutory order.
The officer's reasons for believing that the law was being violated in the described premises were stated in his affidavit as follows:
"Larry Kasiba ... has sworn to this affiant and the the Court that (1) Larry Kasiba is personally acquainted with Terry Collins, (2) that on the days from August 11, 1974 to August 17, 1974 inclusive Larry Kasiba was present in the residence of Terry Collins 232 Crevasse Street more particularly described above, and August 14, 1974 he saw nine (9) pounds of Cannabis in a Publix grocery bag, the Cannabis being identified to Larry Kasiba as Cannabis by Terry Collins, this being in the above described house of Terry Collins, (3) on August 18, 1974 Terry Collins gave to Larry Kasiba a one (1) pound bag of Cannabis for `safe keeping', this transaction taking place at the Norland Mine located in Polk County, more specifically Cannabis was removed from the trunk of a 1972 Oldsmobile Cutlass, Black over yellow more particularly described above, (4) in conversation on August 18, 1974 Terry Collins told Larry Kasiba that he was leaving Polk County on August 19, 1974 to go to Mexico in order to buy approximately two hundred (200) pounds of Cannabis, Terry Collins also told Larry Kasiba that he would be at his home more particularly described above approximately midnight August 22, 1974 with the previously mentioned quantity of Cannabis." (Emphasis supplied)
On the face of the affidavit appears a handwritten notation, signed by the issuing magistrate, which states:
"Larry Kasiba also appeared before me and swore to the facts set forth in the attached exhibits."
The search warrant was issued on August 21, 1974.
Larry Kasiba was not a nonswearing informant, but as related in the affidavit, he personally appeared before the issuing magistrate and swore to the facts set forth in the affidavit. Therefore, the hearsay principles of Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, and Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, are not applicable. The facts sworn to the magistrate by Kasiba reflect that the information was obtained through personal observation, and the criminal activities of the accused were described in sufficient detail to justify the issuance of a search warrant. Kasiba related that he had observed nine pounds of Cannabis in the described premises approximately a week prior to the issuance of the warrant. This was sufficient to meet the probable cause test for the beliefs that the law relating to narcotics or drug abuse was currently being violated therein. State v. Compton, Fla.App.2d 1974, 301 So.2d 810.
The magistrate did not abuse his discretion in authorizing service of the search warrant at night. Section 933.10 F.S. specifically provides that the issuing magistrate may authorize a night-time search "as the exigencies of the occasion *848 may demand or require." The affidavit indicated that Collins would be at his home at approximately midnight on August 22, 1974, with a quantity of Cannabis.
The order appealed in reversed and the cause remanded for further proceedings.
McNULTY, C.J., and BOARDMAN, J., concur.