341 So.2d 218 (1976)
STATE of Florida, Appellant,
v.
Mark William BOND and Marc Steven Aune, Appellees.
Nos. 76-1177, 76-1178.
District Court of Appeal of Florida, Second District.
December 17, 1976.
Rehearing Denied January 10, 1977.
*219 Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellant.
E.G. Couse of Grace, Falbey & Couse, Fort Myers, for appellees.
BOARDMAN, Acting Chief Judge.
Appellant, State of Florida, brings this timely interlocutory appeal of an order granting a motion to suppress. The trial judge found that the search warrant was fatally defective because it was not "directed to anyone." We affirm the order of the court but find it unnecessary to consider the propriety of that finding since there was insufficient probable cause to support the issuance of the warrant.
Probable cause for issuance of a search warrant is determined solely with reference to the facts stated in the warrant and the supporting affidavit. E.g. State v. Knapp, 294 So.2d 338 (Fla.2d DCA 1974). See Section 933.18, Florida Statutes. In the case before us the affiant, a Lee County Deputy Sheriff, swore to the following facts to show sufficient probable cause:
The affiant's reasons for his beliefs that the laws of the State of Florida are being ciolated [sic] as stated above and the facts establishing the frounds [sic] for this Affidavit and the probable cause for believing that such facts exist, as follows:
The affiant has received information from a confidential informant that said informant has seen a large quantity of marijuana in the above described premises within five days prior to the execution of the affidavit. The informant has purchased some of this marijuana and it has been checked and is Cannabis Sativa. The informant has appeared before a magistrate of this county and sworn to the truth of the statements contained in this affidavit. The affiant has checked the information through investigation and found it to be accurate.
The warrant does not independently establish other facts to support a finding of probable cause.
The affidavit rests on hearsay from an unidentified confidential informant. For hearsay evidence alone to provide sufficient probable cause there must be an indication that the informant is reliable and that the information was obtained in a *220 reliable manner. Johnson v. State, 339 So.2d 667 (Fla.2d DCA 1976) (1976). See Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). There was no showing made of the reliability of the informant in the case before us. While an affiant's own knowledge or investigation may serve to corroborate the reliability of a confidential informant the affidavit before us is devoid of any details of the affiant's "investigation." See United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), Findlay v. State, 316 So.2d 33 (Fla. 1975). In State v. Collins, 317 So.2d 846 (Fla.2d DCA 1975) an affidavit was found sufficient where the named informant had sworn to the facts stated in the affidavit before the issuing magistrate. In the case before us an unnamed informant had sworn to the truth of the statement before an unnamed magistrate. The appearance of the informant before another magistrate would not enable the issuing magistrate to determine the existence of probable cause or to test the credibility of the informant.
Accordingly the order of the trial court is
AFFIRMED.
SCHEB, J., and GOBBIE, EVELYN M., Associate Judge, concur.