PER CURIAM.
The dispositive point on appeal is whether the trial court erred in denying a motion to suppress a wallet found in defendant Modesto Mori’s home, as well as the evidence which flowed therefrom. We affirm.
Almost concurrently, the police received complaints that Mori’s apartment as well as that of his adjacent neighbor had been burglarized. The neighbor lived in a disconnected apartment. Investigating officers ultimately arrested Mori and took him into custody by hand-cuffing his arms behind his back. Mori maintained he was a crime victim rather than a perpetrator. Acting on this claim, an officer and Mori entered Mori’s apartment to inspect his back door. Inside the apartment, as is customary, the officer asked for Mori’s identification. At the time of this encounter, Mori was dressed only in a waist pouch and undershorts. A search of his waist pouch disclosed several small caliber rounds of ammunition. Upon being asked for the identification, Mori started moving in the direction of his bedroom. The officer followed.
Once in the bedroom, the officer who followed Mori saw a wallet on the bedroom dresser. Standing next to the hand-cuffed Mori in front of the dresser, the officer simultaneously opened the wallet and asked Mori if it was his. Mori immediately and without hesitation denied ownership of the wallet, claiming that it was dropped by the person who burglarized his apartment. Thus, Mori denied ownership of the wallet before the officer inspected or gained any information whatsoever from it.
The reasons which led to Mori’s custodial arrest are not challenged. It is also an undisputed fact that police had the lawful right to be in Mori’s apartment at this time. See Washington v. Chrisman, 455 U.S. 1, 7, 102 S.Ct. 812, 817, 70 L.Ed.2d 778, 785 (1982).
Where a defendant voluntarily abandons property, he thereafter lacks standing to challenge its search or seizure. State v. Daniels, 576 So.2d 819 (Fla. 4th DCA 1991) (where defendant abandoned his suitcase, he lacked standing to challenge either the search or the seizure of its contents). A careful reading of the transcript confirms that the officer in the instant case performed no action other than simply holding open the wallet for the handcuffed defendant’s inspection, before the defendant dis *432 claimed ownership. In light of these facts, we readily conclude that the trial court acted properly denying the motion to suppress. Under the circumstances, the defendant lacked the standing to make the challenge.
Accordingly, we affirm the order under review.