779 So.2d 385 (2000)
Daniel S. KING, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-434.
District Court of Appeal of Florida, Second District.
June 21, 2000.
James Marion Moorman, Public Defender, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawifofsky, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
Daniel King appeals his convictions of burglary of a structure and possession of firearms. The convictions were entered after King pleaded no contest to the offenses, specifically preserving his right to appeal the denial of his motion to suppress. King now asserts reversible error in the denial of that motion. We agree and reverse.
*386 In his motion to suppress, King asserted that a search warrant failed to establish probable cause that property stolen during a burglary of a storage building would be found at his residence or storage building, the places sought to be searched. Attached to the application for the search warrant is a "Statement of Facts Constituting Probable Cause." In that statement, the affiant averred that he is investigating several burglaries of storage buildings in Mulberry. With regard to King, the affiant set forth the following:
On 1/18/97 a burglary was reported to the PCSO [Polk County Sheriff's Office] where a storage building was entered and property was removed. The suspect(s) had cut the lock with bolt-cutters and replaced the victim's padlock with an inexpensive model. The suspect was observed by witness Jim Cannon inside the victim's storage building on two separate occasions and has positively identified Daniel S. King as the perpetrator. Witness further stated that King was driving a light blue Ford Granada. The witness stated that there was a piece of paper on the back of the vehicle indicating that the tag had been lost.
After explaining how he confirmed King's address and observed the blue Ford Granada at that address, the affiant stated, "Further investigation revealed that King is tenant of record of storage building # 113 at Southside U-Store-It on Ventura Drive in Lakeland. The manager of Southside U-Store-It advised that she has received two anonymous phone calls implicating King in burglaries of storage buildings." The affiant concluded the statement by asserting that based on these facts there is probable cause to believe that the property taken in the Mulberry burglaries may be located in King's home or in his storage building.
"Probable cause for issuance of a search warrant is determined solely with reference to the facts stated in the warrant and the supporting affidavit." State v. Bond, 341 So.2d 218, 219 (Fla. 2d DCA 1976).
The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him ... there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for ... concluding that probable cause existed.
Illinois v. Gates, 462 U.S. 213, 238-239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
The probable cause statement in the present case is totally devoid of any facts establishing any probability that the property stolen during the burglaries of Mulberry storage buildings would be found at the places to be searched. Although a witness observed King inside the victim's storage building on two occasions and identified King as the perpetrator, there is no indication that he observed King taking property from the victim's storage building to his own residence or storage building or that he observed King with any items at any time. The anonymous phone calls implicating King in the burglaries are even less probative of the presence of stolen items at King's residence or storage building. Thus, we hold that there was not a substantial basis for a conclusion that probable cause existed to believe that the stolen property would be found at the places to be searched.
The State argues that if this court concludes that the search warrant application did not establish probable cause, the evidence seized is admissible under the good faith exception to the warrant requirement. United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). We disagree. That exception does not apply where an affidavit is "`so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" Id. at 923, 104 S.Ct. 3405, citing Brown v. Illinois, 422 U.S. *387 590, 610-611, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975) (Powell, J., concurring in part). In light of the fact that the search warrant application in this case provided no basis whatsoever for concluding that the stolen property would be found at King's residence or storage building, we cannot say that the officers executing the warrant acted in good faith in doing so.
Reversed.
BLUE, A.C.J., and SCHEB, JOHN M., (Senior) Judge, Concur.