848 So.2d 1170 (2003)
Jon Paul BURNETT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-5527.
District Court of Appeal of Florida, Second District.
May 16, 2003.
Rehearing Denied July 2, 2003.
*1171 Michael P. McDaniel of C. Ray McDaniel, P.A., Bartow, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for appellee.
CASANUEVA, Judge.
Jon Paul Burnett was convicted of two counts of lewd or lascivious conduct[1] and over one hundred counts of possession of child pornography.[2] The child pornography charges stemmed from law enforcement's seizure of his computer and numerous diskettes in his bedroom. We affirm his convictions for lewd or lascivious conduct, but because the affidavit in support of the search warrant was fatally defective, we reverse the convictions for possession of child pornography and remand for resentencing.

Facts
This case began when the father of two boys, ages nine and twelve, contacted a Polk County Sheriff's Office detective with his concern that Mr. Burnett had engaged in inappropriate behavior with his children. The father related his suspicion that Mr. Burnett videotaped his children while they were not wearing any clothing. In a subsequent interview the children told the detective that Mr. Burnett had asked them to remove their clothes and wrap themselves in clear plastic wrap so that he could videotape a temporary tattoo on their buttocks. Additionally, he asked them to place clear plastic wrap on the toilet, then to use the toilet and deliver the plastic wrap to him, and to place quarters in their rectums and shake them out. The children denied that any videotaping actually occurred.
Armed with this information, detectives then contacted Mr. Burnett, who drove to a sheriff's office substation for an interview. There he advised the deputies that he had videotaped the boys but that he had either discarded or recorded over the tape. Upon discovering that Mr. Burnett rented a bedroom from his parents at their residence, the detectives obtained his consent to search his room. Among the targets of their search were the video camera and any videotape of the boys. During the search, Mr. Burnett showed the deputies the camera, demonstrated how it worked, but stated that the tape was not in the camera. Noticing that the camera had no power, a deputy plugged it in, hit the play mode, and watched a videotape that matched the father's allegations. Both the video camera and tape were seized as evidence and the room was searched. Nothing else was seized.
The following day one of the detectives applied for a warrant to search the entire residence. Among the matters set out in the affidavit were the following:
(1) Your affiant is a duly appointed law enforcement official employed by the Polk County Sheriff's Office. Your affiant is currently a detective assigned to the Bureau of Criminal Investigations in the Sexual Abuse And Family Exploitation Unit. Your affiant has been employed *1172 for over three years at the Polk County Sheriff's Office. I have been assigned to the S.A.F.E. Unit for approximately one year. My duties are to investigate any activity involving sex crimes, child abuse, and family exploitation in Polk County, Florida. Your affiant has received specialized training in investigating sex crimes, specifically the Institute of Police Technology and Management course focusing on sexually exploited children and juvenile victims of sexual abuse. This affiant attended the Polk County conference on Sexual Abuse that specialized in recognizing victims of sexual abuse and interviewing them. Your affiant has received specialized training in child injury and death investigations as well as a course on interview and interrogations and search warrant preparations. Your affiant has conducted over two hundred investigations involving crimes against children and has made over thirty arrests as a direct result of these investigations. Your affiant has previously either written or assisted in the execution of four search warrants.
* * * *
(7) Based on my expertise and training, people involved in child pornography (as in this case video taping a juvenile's genitals and buttocks) commonly are involved with receiving or transmitting like images of children engaged in sexual performances on their computer. It is not unusual for a suspect to retain images on their computer even when they are under suspicion of committing crimes against children. Furthermore, the majority of people utilizing computers are unable to erase these images from their hard drive. These images can be retrieved during forensic analysis even after an attempt has been made to erase the images. Consequently, I believe there are images related to children involved in sexual performances and/or child pornography as defined in F.S.S. 827.071 still contained on the computer located at the place to be searched. Your affiant also believes due to the suspect's untruthful statements on whether he kept pornographic images on tape (which I viewed), it is believed other child pornographic images may be stored on numerous video tapes located in the suspect's bedroom, the place to be searched.
Based upon this affidavit a judge issued the warrant, and deputies seized Mr. Burnett's computer and numerous diskettes. Mr. Burnett's motion to suppress based upon lack of probable cause in the warrant was denied.
Among the evidence introduced at trial was the testimony of a computer forensics expert, Mr. Gates, who testified that, upon his technical examination using specialized software, the seized diskettes revealed that they at one time had held images, but all of the pictures had been deleted or erased. Mr. Gates's examination could not ascertain when or by whom the images had been deleted. Furthermore, Mr. Gates recovered no imagesdeleted or otherwisefrom the hard drive of Mr. Burnett's computer. However, Mr. Burnett possessed a computer diskette for a program called Paint Shop Pro that can be used to view and manipulate images, and Mr. Gates discovered that someone at some unspecified time had used this program to view at least two pornographic images on Mr. Burnett's computer.
To counter this circumstantial evidence that he possessed child pornography, Mr. Burnett adduced testimony from a friend who was present when Mr. Burnett received a package through an e-Bay auction containing diskettes that he had not specifically ordered. Mr. Burnett's theory of *1173 innocence was that he did not know what was on the diskettes when they arrived, that he had never viewed the images on them, and that someone else could have deleted the images before the diskettes ever came into his possession. Similarly, Mr. Burnett attacked the charges stemming from the images viewed through the Paint Shop Pro program on the ground that there was no evidence demonstrating that he actually viewed or manipulated the recovered images.
Although we have misgivings about the sufficiency of the evidence to sustain the possession of child pornography charges, we do not need to reach that issue. On this appeal we reverse the finding that the detectives had probable cause to search for and to seize Mr. Burnett's computer and the diskettes. Consequently, we reverse the convictions on 136 counts of possession of child pornography that flowed from the illegal seizure of those items.

Analysis
The Fourth Amendment to the United States Constitution recognizes the right of the people to be protected from the government's unreasonable searches and seizures and mandates that no search warrant shall issue "but upon probable cause, supported by oath or affirmation...." U.S. Const. amend. IV. The Constitution of the State of Florida similarly protects against unreasonable searches and seizures by the government: "No warrant shall be issued except upon probable cause, supported by affidavit...." Art. I, § 12, Fla. Const. To further these constitutional imperatives, our legislature has decreed:
No warrant shall be issued for the search of any private dwelling under any of the conditions hereinabove mentioned except on sworn proof by affidavit of some creditable witness that he or she has reason to believe that one of said conditions exists, which affidavit shall set forth the facts on which such reason for belief is based.
§ 933.18(10), Fla. Stat. (1999). In implementing these constitutional mandates,
[t]he task of the issuing magistrate is simply to make a practical, commonsense decision whether given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.
Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Thus, the affidavit in the warrant application must satisfy two elements: first, that a particular person has committed a crime the commission element, and, second, that evidence relevant to the probable criminality is likely located at the place to be searchedthe nexus element. United States v. Vigeant, 176 F.3d 565, 569 (1st Cir.1999). As stated in Gates, wholly conclusory statements fail to meet the probable cause requirement; the reviewing magistrate cannot abdicate his or her duty and become a mere ratifier of the bare conclusions of others. Gates, 462 U.S. at 238, 103 S.Ct. 2317. And, pursuant to Gates, as the reviewing court we are required to ensure that a substantial basis existed to support the magistrate's probable cause determination. Id. at 238-39, 103 S.Ct. 2317.
Our initial analytical focus will be upon the nexus element of the warrant application. We must measure the affidavit's averments to determine whether evidence relevant to Mr. Burnett's probable criminalitypossession of child pornographywas likely located at the place to be searched, that is, his bedroom. Because the affidavit failed to set forth crime-specific facts regarding Mr. Burnett's probable *1174 possession of child pornography and the likelihood that it would be found on the computer and diskettes in his bedroom, we conclude that the warrant application failed. See King v. State, 779 So.2d 385, 386 (Fla. 2d DCA 2000) (holding that the probable cause statement was totally devoid of any facts leading to the conclusion that probable cause existed to believe that stolen property would be found at the places to be searched).
Although the affidavit in this case properly stated that the seized videotape substantiated the allegations of Mr. Burnett's lewd or lascivious conduct with children, the videotape corroborated only those initial charges and nothing more. The affidavit recited the deputy's observation that videos and magazines were stacked about the bedroom, yet it failed to affirm that the title or cover of any video or magazine suggested it contained child pornography. This is despite the fact that the detective and other law enforcement personnel had already consensually searched the very bedroom in questiona fact also omitted from disclosure to the magistrate.
Furthermore, the general information set forth in paragraphs one and seven of the affidavit manifested no factual foundation for the magistrate's conclusion that probable cause existed in this case. The initial complaint was that Mr. Burnett made a lewd videotape of two young boys, but nothing was elicited' suggesting that the father believed Mr. Burnett used his computer to transmit or store images of child pornography. The affidavit contained no specific facts linking Mr. Burnett to this particular criminal conduct; it failed to describe a factual link between the video camera and the functioning capability of the home computer so that images could be transferred. The affidavit also omitted any factual averment that the computer was linked to the internet or that the video camera was compatible with the computer so that images could be downloaded, transferred, or transmitted.
Rather, in this case the affiant averred in only general terms that she had conducted over two hundred investigations involving crimes against children, resulting in over thirty arrests, but she recited no specific experiences in child pornography matters or arrests she had made for this particular crime. Essentially, the affiant failed to describe any personal experience with child pornography from which her conclusions concerning Mr. Burnett were derived. Instead, the affidavit included language such as "[b]ased on my expertise," "commonly are involved," and "it is not unusual." To determine probable cause, the magistrate is required to evaluate whether the case-specific facts yield a legal conclusion that probable cause exists. Here, the affiant's education and experience in matters of child pornography were not set out, nor did the affiant indicate the degree of commonality that is alleged to exist. Although it may not be unusual for suspects such as Mr. Burnett to retain child pornography images, the question isfactuallyto what degree that propensity could be attributed to him.
The magistrate's duty is to examine the affidavit for facts and fact-based conclusions. An affidavit is not limited to the affiant's personal knowledge; in some instances information from confidential informants or scientific evidence can be presented. In the same vein, information from experts in the field, such as child pornography, may be made available to the magistrate for consideration, whether it be by scientific studies, statistical analysis, or the like. See United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965) (holding that "hearsay may be the basis for issuance of the warrant' so long as there ... [is] a substantial basis *1175 for crediting the hearsay'" (citing Jones v. United States, 362 U.S. 257, 272, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), overruled on other grounds, United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980))); see also United States v. Isgut, No. 95-6199 CR Lenard, 1996 WL 775064 (S.D.Fla. Jul. 23, 1996) (voiding a search warrant for lack of probable cause based on stateness but criticizing the affiant's failure to include specific information about the training he had received and the source of his information concerning "five characteristics of those who are considered `collectors of child pornography'"). Unfortunately, no scientific information or expert opinion evidence was included in this affidavit for the magistrate's consideration.
In paragraph seven, the affiant described her belief in the generalized behavior of other persons who receive or transmit images of children and who are unable to erase the contents of their computers. From this generalized information, which contained no link to criminal conduct by Mr. Burnett, the officer concluded that Mr. Burnett's computer contained pornographic images. Probable cause analysis focuses not on the evidence that is found as a result of the search but on facts known at the moment of seizure. See State v. Bond, 341 So.2d 218, 218 (Fla. 2d DCA 1976) ("Probable cause for issuance of a search warrant is determined solely with reference to facts stated in the warrant and supporting affidavit."). Here, the conclusion that images remained on Mr. Burnett's computer was not supported by the factual allegations of the affidavit. The fact that Mr. Burnett might have lied about or misrepresented the existence of the video of the children established, in this instance, only his questionable veracity; it did not substantiate his commission of another criminal offense. In contrast, in Schmitt v. State, 590 So.2d 404, 411 (Fla.1991), in which the supreme court sustained the probable cause determination in a warrant issued to search the defendant's home for evidence of the defendant's knowing possession of child pornography, § 827.071(5), Fla. Stat. (1987), the affidavit revealed that the defendant "made nudity a central and almost obsessive object of his attention" and that "this overall focus of Schmitt's conduct tended to show a lewd intent and thus created a substantial basis for believing that the search would fairly probably yield evidence" that the defendant had violated the laws prohibiting possession of child pornography. The Schmitt affidavit alleged that the defendant had taken numerous nude photographs of his daughter over a four-year period beginning when the child was eight years old; that the father had taken photographs of a nude adult female in the presence of the child; that the father had videotaped the daughter and a friend "stripping down to their panties" and "swimming in the nude"; and that the father kept photographs, film, cameras, a television, and a videocassette recorder in the place to be searched. Schmitt, 590 So.2d at 408. In Mr. Burnett's case, however, no details in the affidavit supported a conclusion that Mr. Burnett possessed pornographic videotapes, photographs, or computer images other than the single tape that the authorities already possessed. Any conclusion that his room contained other evidence of his possession of pornographic materials was based on mere suspicion.
Years ago, the Supreme Court examined another affiant's statement that he had "cause to suspect and [did] believe" that liquor illegally brought into the United States was located on certain premises. Nathanson v. United States, 290 U.S. 41, 44, 54 S.Ct. 11, 78 L.Ed. 159 (1933). That wholly conclusory statement was rejected as a foundation for probable cause. Similarly, *1176 we must reject the wholly conclusory statements made here.

Conclusion
We recognize that normally the averments of an experienced officer are accorded some weight. To be given that deference, however, the officer's conclusions must be grounded upon some particular evidence. As stated in Churney v. State, 348 So.2d 395, 397 (Fla. 3d DCA 1977), "an affidavit in support of a search warrant for a private dwelling must show probable cause on its face.... Probable cause for issuance of a search warrant cannot be based on mere suspicion, but rather must be based on facts known to exist." The affidavit and search warrant in this case cannot withstand scrutiny under the test of case law, section 933.18(10), or the Florida or federal constitutions.
Because we have resolved this case on the sufficiency of the affidavit, it is not necessary to address the equally difficult question of whether possession of a computer diskette that contained deleted images of child pornography retrievable only through efforts of a computer forensics expert is sufficient evidence to sustain a conviction for possession of child pornography.
Affirmed in part, reversed in part, and remanded for resentencing.
ALTENBERND, C.J., and WHATLEY, J., Concur.
NOTES
[1] § 800.04(6), Fla. Stat. (1999).
[2] § 827.071(5), Fla. Stat. (1999).