920 So.2d 747 (2006)
William Allen SALYERS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-818.
District Court of Appeal of Florida, Fifth District.
February 10, 2006.
*748 Terrence E. Kehoe of the Law Offices of Terrence E. Kehoe, Orlando, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, E., Senior Judge.
William Allen Salyers appeals from a final judgment and sentence entered after a jury trial in which he was found guilty of trafficking in cocaine and hydrocodone, possession of cannabis with intent to sell, possession of over twenty grams of cannabis, possession of drug paraphernalia, and possession of a firearm during the commission of a felony. He alleges that evidence of the crimes was obtained by an illegal search and seizure and that the trial court erred by denying his pre-trial motion to suppress.
On January 7 and 9, 2004, an anonymous telephone caller informed the Orange County Sheriff that drugs were being kept and sold at a residence in Orange County; the address of the residence was also supplied by the informant. The Sheriff did not act on the information until February 26, 2004, when four deputies in civilian attire and carrying side arms arrived at the residence in two unmarked vehicles. The lead deputy knocked on the front door of the residence and Salyers opened it. The deputy identified himself as a law enforcement officer and when questioned, Salyers stated that he resided on the premises. The lead deputy asked if they could enter the residence and discuss a narcotics complaint that they had received, and Salyers allowed them to enter.
Once inside the residence, the deputy asked Salyers if any drugs were present and he responded "not that I'm aware of." When asked again, he said that his girlfriend may have left some cocaine in his bedroom or some friends may have left some marijuana after a party. Salyers then gave permission to search the bedroom and on the way to it closed an open door to another bedroom. When the search of the one bedroom revealed no contraband, Salyers was asked for permission to search the other bedroom where he had closed the door, but he refused and told the deputy that he had to leave for a doctor's appointment.
The deputies then exited the residence, Salyers provided his identification upon request, and consented to the search of his vehicle. That search produced one and one-half methadone pills which were seized *749 because they were not in a proper container. Salyers advised that he had a prescription for the pills and obtained them from a methadone clinic, but was unable to produce the prescription.
One of the deputies noticed a bulge in Salyers' pocket and asked that he remove it. Salyers advised that it was $1200 in cash, but it proved to be $5326 which the officers seized because it was packaged in a manner that caused the deputies to suspect that it was proceeds from the sale of drugs.
Salyers drove away in his vehicle, but one or more of the deputies secured the residence so that no one could enter. A search warrant was then obtained, the residence was searched, and contraband was found in the bedroom with the closed door along with several weapons and Salyers' personal belongings.
Summarizing the affidavit submitted by the deputy applying for the search warrant, we note the following:
1. Salyers voluntarily allowed the deputies to enter his residence.
2. Salyers stated that his girlfriend may have left some cocaine in his room, but did not know exactly where, and some friends may have brought some cocaine and marijuana into the residence.
3. Salyers led the deputy into a bedroom that contained women's clothing, but no men's clothing. He was unable to state exactly where any cocaine was located in the room.
4. Salyers closed the door to a bedroom on the way to the bedroom that was searched.
5. Salyers stated that he had $1200 in his pocket, but pulled out $5326 in multiple bundles of various denominations.
6. The deputies searched Salyers' vehicle and found one and one-half methadone pills, each of which was contained in a separate bag. Salyers stated that he had a prescription, but obtained the pills from a methadone clinic.
7. Salyers' cell telephone number was the same number supplied by two separate anonymous tipsters who generated the visit by the deputies to Salyers' residence.
8. A records check revealed that Salyers had a criminal history of cocaine and cannabis possession.
The Sheriff's initial reason for visiting Salyers' premises was the anonymous telephone calls supplying the address and cell telephone number relating to drug possession and illicit sales that were almost two months stale by the time of the visit. No further information had been gathered between the time of the telephone tips and the visit and we must conclude that at the time the deputies entered the residence, no reasonable suspicion existed that Salyers was then engaged in an illegal activity. See State v. D.D.D., 908 So.2d 1180 (Fla. 2d DCA 2005) (recognizing anonymous tips referring to activity that is occurring at the time the tip is made that provide only innocent details of identification are less reliable and require some corroboration to provide the foundation for reasonable suspicion).
Salyers argues that the facts in Miller v. State, 865 So.2d 584 (Fla. 5th DCA 2004) are sufficiently similar to this case as to merit reversal. We need not make that comparison, however, because we view the predicate affidavit submitted to the trial court for a search warrant to be deficient in showing possible cause.
A search warrant must be based on probable cause supported by an affidavit. Art. I, § 12, Fla. Const. To establish probable cause, the affidavit in a search warrant application must set forth two elements: *750 (1) that a particular person has committed a crime; and (2) that evidence relevant to the probable criminality is likely located at the place to be searched. See, e.g., Burnett v. State, 848 So.2d 1170, 1173 (Fla. 2d DCA 2003). To issue a search warrant, a magistrate must have a substantial basis for concluding that probable cause exists based on an examination of the four corners of the affidavit. See, e.g., Garcia v. State, 872 So.2d 326, 329 (Fla. 2d DCA 2004). If, based on the totality of the circumstances and a common sense assessment, probable cause is shown to support the issuance of a search warrant, then the trial court's decision will not be disturbed on appeal. See Taylor v. State, 855 So.2d 1 (Fla.2003), cert. denied, 541 U.S. 905, 124 S.Ct. 1605, 158 L.Ed.2d 248 (2004).
An examination of the affidavit in support of the search warrant indicates that probable cause was based on the following mischaracterization of the facts made by Officer Cruz:
Based on the two separate tips and Mr. Salyers admission of cocaine being kept somewhere in "his" alleged bedroom, I have probable cause to believe that cocaine is being kept and stored at the above residence. In addition, Mr. Salyers stated he only had $1200.00 dollars in his pockets when in fact he had $5326.00 dollars separated in multiple denominations. Also, Mr. Salyers had in his possession suspected methadone pills. The tips also listed Mr. Salyers cell phone number XXX-XXX-XXXX, which is the same number he provided to one of the deputies. A check via teletype revealed that Mr. Salyers has a criminal history of cocaine and cannabis possession.
The affidavit is flawed for several reasons. First, Salyers never told Cruz or anyone else that cocaine was being kept in his house. In fact, Salyers first stated that he did not know if there were any illegal drugs in the house, and later stated that because his girlfriend used cocaine she may have left some behind from her last visit. He also said that his friends may have left cocaine or marijuana in his house from a prior party. These qualified statements do not support Cruz's allegation that Salyers actually admitted that "cocaine was being kept somewhere" in the house, and therefore cannot establish probable cause to suspect that drugs were being kept or sold out of the house. When asked where the cocaine might be if it were left behind, Salyers pointed to a bedroom. The officers searched that bedroom and found no evidence of any illegal drugs. The fact that Salyers closed the door to the other bedroom does not suggest that it contained illegal drugs, or provide the necessary reasonable suspicion to support a probable cause determination.
Second, the fact that Salyers had more cash in his pocket separated by different denominations, in the absence of finding any contraband, is not sufficient to conclude that he possessed or sold drugs.
Third, the one and one-half methadone pills were found in Salyers' automobile and not in his residence and cannot support a search of that structure.
Fourth, the fact that Salyers' cell phone number matched the one provided by the anonymous informant may suggest that Salyers sold drugs. However, it does not necessarily suggest that the drugs were kept or sold out of the house because a cell phone transaction can take place anywhere. Finally, Salyers' past history of drug trafficking does not suggest that he was engaged in trafficking at the time of this incident, or suggest that drugs were being kept or sold out of his house. Collectively, these facts indicate that the search warrant was not reasonably supported *751 by probable cause, the search warrant should not have been issued and the trial court erred by denying Salyers' motion to suppress. See Davis v. State, 834 So.2d 322 (Fla. 5th DCA 2003) (noting that the seizure of items from a person's home without a warrant based on probable cause violates the person's right to be secure in their homes against unreasonable searches and seizures, rendering the items inadmissible in evidence).
We vacate the denial of the motion to suppress the evidence seized pursuant to the erroneously issued search warrant together with the judgment of conviction and sentence and remand to the trial court for further proceedings.[1]
REVERSED and REMANDED.
SHARP, W., and ORFINGER, JJ., concur.
NOTES
[1] We find no merit in Salyers' complaint that the trial judge erred by denying his motion to recuse because that judge also issued the search warrant. See, e.g., Cano v. State, 884 So.2d 131 (Fla. 2d DCA 2004) (noting that trial judge's prior role in issuing a search warrant is not grounds to require disqualification of that judge from hearing a motion to suppress evidence obtained as a result of the search warrant, absent additional circumstances). Additionally, an affidavit was not attached to the motion and no other legal ground was stated.