LaROSE, Judge.
The State appeals an order granting a motion to suppress evidence. Abel Delrio *850 and Yenier Rodriguez Delguy were charged with trafficking in cannabis and possession of drug paraphernalia. See §§ 893.135(1)(a)(1), 893.147(1), Fla. Stat. (2008). Mr. Delrio was charged also with electrical utility theft. See § 812.14(2)(b), Fla. Stat. (2008). The trial court concluded that a law enforcement officer’s affidavit supporting the issuance of a search warrant was inadequate to establish probable cause. The trial court also noted that the affidavit improperly presented the officer’s observations after a nonconsensual entry into Mr. Delrio’s back yard. Thus, according to the trial court, the defendants’ warrantless arrests were unlawful and unsupported by exigent circumstances. See Gnann v. State, 662 So.2d 406, 407 (Fla. 2d DCA 1995) (citing Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980)).
The State argues that the affidavit set forth sufficient information to establish probable cause that a “growhouse” was being operated on the property, even if the trial court disregarded the officer’s observations after entry into the back yard. We agree and reverse.
We review the trial court’s factual findings for competent, substantial evidence; our review of the trial court’s application of the law to the facts is de novo. State v. Kennon, 901 So.2d 375, 376 (Fla. 2d DCA 2005) (reversing order granting motion to suppress) (citing Caso v. State, 524 So.2d 422 (Fla.1988); Ornelas v. United States, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996)). We review the trial court’s probable cause determination de novo. See Pagan v. State, 830 So.2d 792, 806 (Fla.2002) (citing Ornelas, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911; Connor v. State, 803 So.2d 598 (Fla.2001)).
Probable cause for arrest exists where an officer “has reasonable grounds to believe that the suspect has committed a felony. The standard of conclusiveness and probability is less than that required to support a conviction.” Blanco v. State, 452 So.2d 520, 523 (Fla.1984). The question of probable cause is viewed from the perspective of a police officer with specialized training and takes into account the “factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.” Schmitt v. State, 563 So.2d 1095, 1098 (Fla. 4th DCA 1990).
Walker v. State, 707 So.2d 300, 312 (Fla. 1997); see also Nickell v. State, 722 So.2d 924, 925 (Fla. 2d DCA 1998); State v. Garreno, 35 So.3d 125, 128 (Fla. 3d DCA 2010) (explaining that reasonable ground of suspicion supported by sufficient circumstances may satisfy probable cause requirement).
An affidavit supporting a warrant application must satisfy two elements: (1) that a particular person has committed a crime, and (2) that evidence relevant to the probable criminal act is likely located at the place to be searched. Burnett v. State, 848 So.2d 1170, 1173 (Fla. 2d DCA 2003). The judge issuing the search warrant examines the affidavit for “facts and fact-based conclusions” to determine whether probable cause exists for its issuance. Id. at 1174.
Mr. Delrio and Mr. Delguy captured law enforcement attention in early 2009. In late January, a Pinellas County sheriffs detective observed a Ford F-150 truck at a hydroponic retail store. He photographed the truck, noted its license plate number, and relayed the information to the Hillsborough County Sheriffs Office. Four months later, a Hillsborough County detective, Detective Rule, determined that the license plate number actually belonged to an Oldsmobile registered to Mr. Delguy, not to the Ford F-150 that *851 was also registered to Mr. Delguy. Upon finding Mr. Delguy’s house, Detective Rule saw the Ford truck parked outside. The truck had a different license plate number than the one observed by the Pinellas County detective. Detective Rule determined that Mr. Delrio owned the house.
Detective Rule was a member of a regional task force investigating marijuana grow houses. He contacted Tampa Electric Company (TECO) and determined that electrical consumption at the house was in the normal range. Yet, he suspected indoor marijuana cultivation. He arranged for a TECO investigator to inspect the property for signs of electricity theft. Subsequently, Detective Rule and other task force members met the TECO investigator at the house. A tall fence separated the front and back yard; a side-yard gate was chained and padlocked. The TECO investigator broke the chain and entered the back yard. He found no signs of meter tampering, but he saw a suspicious alteration of the roof eave. He discovered a tap that allowed unmetered electricity to enter the home. The investigator relayed his findings to the task force members who were on the street.
Detective Rule knocked on the front door of the house; no one responded. Then, task force members entered the back yard and saw other evidence of a grow house operation. When Mr. Delrio and Mr. Delguy arrived, Mr. Delrio would not consent to a search of the home. Task force members detained the two men until a warrant was obtained. Detective Rule’s affidavit supporting the search warrant set forth detailed information, including the TECO investigator’s observations. The affidavit also recited the observations of the task force members who had entered the back yard.
The trial court correctly found that the TECO investigator had authority to enter the back yard and was not acting as a law enforcement agent. See United States v. Cleaveland, 38 F.3d 1092, 1093-94 (9th Cir.1994) (concluding that a search by a private party not acting as an agent for law enforcement does not implicate the Fourth Amendment; where electric company intended to further its own ends by private search, that motivation is not negated by dual motive to detect or prevent crime or assist police, or by presence of police nearby during the search). However, the trial court concluded that the historic facts, the information that the Ford F-150 truck was seen at the residence, and the TECO investigator’s suspicions of electricity theft did not, without more, establish probable cause for issuance of a search warrant.
The trial court also found that the officers’ entry into Mr. Delrio’s back yard and inclusion of the officers’ observations in the affidavit rendered it defective. The trial court noted that “probable cause could have been established by the officer in this case simply by including [the TECO investigator’s] objective factual observations in the affidavit, and then stating that based on his training and experience an illegal ‘growhouse’ operation was being conducted on the property.” A review of the affidavit demonstrates that Detective Rule included the TECO investigator’s observations in full. The affidavit stated that the TECO investigator saw that non-TECO connectors were “connected to TECO’s main service line ... inspection of] the riser pipe [showed] an illegal connection entering the residence which was allowing unmetered electricity to enter the residence.” The affidavit concluded that based on Detective Rule’s experience, knowledge, training, and on the totality of the circumstances listed, the house was being used to grow an illegal substance.
*852 Further, if we ignore everything in the affidavit concerning the observations made by officers after entering the back yard, we are still left with sufficient factual observations, including those of the TECO investigator, to establish probable cause for issuance of the warrant.
Even where a court finds the police acted deceptively, it must excise the erroneous material and determine whether the remaining allegations in the affidavit support probable cause. If the remaining statements are sufficient to establish probable cause, the false statement will not invalidate the resulting search warrant. See Terry v. State, 668 So.2d 954 (Fla.1996). If, however, the false statement is necessary to establish probable cause, the search warrant must be voided, and the evidence seized as a result of the search must be excluded. See id. (citing Franks [v. Delaware, 438 U.S. 154, 156, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) ]); see also Thorp v. State, 777 So.2d 385 (Fla.2000)).
Pagan, 830 So.2d at 807; see also Garcia v. State, 872 So.2d 326, 329-30 (Fla. 2d DCA 2004); Finfrock v. State, 507 So.2d 1230, 1231 (Fla. 5th DCA 1987) (citing Neary v. State, 384 So.2d 881 (Fla.1980)).
We conclude that there was probable cause to issue the search warrant. Accordingly, we reverse.
Reversed and remanded.
KELLY and VILLANTI, JJ., Concur.