THOMAS, J.
The State appeals an order granting, in part, Appellee Fosmire’s motion to suppress as it related to three cell phones and evidence contained therein. Fosmire cross-appeals the same order denying, in part, her motion to suppress as it related to a Sony tablet and evidence contained therein. Fosmire also raises an additional issue regarding an unrelated discovery order.
Pursuant to rule 9.140(c)(1)(B) of the Florida Rules of Appellate Procedure, we have jurisdiction to review the trial court’s order granting, in part, Fosmire’s motion to suppress. See Fla. R. App. P. 9.140(c)(1)(B) (2013) (the state may appeal an order “suppressing before trial confessions, admission, or evidence obtained by search and seizure”). Additionally, in accordance with rule 9.140(b)(4), we also have jurisdiction to review Fosmire’s cross-appeal regarding the trial court’s same order denying, in part, her motion to suppress. We are without jurisdiction, however, to review the additional issue raised by Fosmire regarding an unrelated discovery order. See Fla. R. App. P. 9.140(b)(4) (2013) (“Review of cross-appeals before trial is limited to related issues resolved in the same order being appealed.”). Accordingly, we dismiss the portion of Fosmire’s cross-appeal regarding an unrelated discovery order.
Based upon the analysis below, we reverse the trial court’s order suppressing the two cell phones that were not Fos-mire’s property. We affirm without comment the lower court’s order denying Fos-mire’s motion to suppress the Sony tablet.

Discussion

The State, by a third amended information, charged Fosmire with two counts of lewd or lascivious exhibition, four counts of sexual performance by a child, and one count of child abuse. Fosmire filed a motion to suppress all evidence obtained as a result of an allegedly unlawful search and seizure of a Sony tablet and three cell phones located in Fosmire’s home.
A suppression hearing proceeded on Fosmire’s motion. The trial court took judicial notice of evidence, testimony and its previous rulings denying the suppression of the tablet and the three cell phones in co-defendant Nicholas Evans’ case arising out of the same search and seizure. Testimony from the suppression hearing established that on April 28, 2012, the police responded to a domestic violence call placed by Fosmire against Evans, her live-in boyfriend and the father of her child. During their response to the domestic violence call, the police recovered *1155 property stolen by Evans, including fishing equipment. Multiple officers testified that Fosmire invited them into the home, gave consent to search the house for stolen property, and was cooperative the entire time the police were in her home. Fos-mire also signed a written statement that stated, “The police got here [and] I gave him permission to search my house for stolen property.”
The police also asserted that Fosmire gave permission to search electronics found in the same room as the stolen fishing equipment to determine whether the serial numbers matched any numbers in a national criminal database for stolen property. An officer testified that when he picked up the Sony tablet to verify the serial number, the home screen to the device became visible, revealing a photo of the stolen fishing equipment. The officer asserted that he did not take any affirmative action to turn on the tablet and claimed that Fosmire gave him permission to look through the tablet for additional pictures related to the stolen property.
While looking through the contents of the tablet, the officer discovered pictures that he perceived to be child pornography, which he described as including photographs of Fosmire, Evans, and their nude child. The police collected the tablet, Fos-mire’s cell phone, and two other cell phones which Fosmire told the officers belonged to Evans. The officers testified that the cell phones were turned off and collected, but were not examined until they obtained a search warrant 19 days later. An officer testified that the only images that produced the charges in this case were collected from the tablet and Evans’ cell phones.
In contradiction to the police officers’ testimony, Fosmire testified at Evans’ suppression hearing that she never gave consent to search anything in her home and specifically denied giving consent to search the tablet, which she claimed she bought for Evans and did not know how to use. Fosmire asserted that the officers were alone in the room with the stolen fishing equipment when they performed the search of the tablet. She also claimed that the police told her “word-for-word” what to write in her written statement regarding giving the officers permission to search.
The trial court entered an order denying Fosmire’s motion as it related to the Sony tablet, but granting the motion as it related to all three cell phones. The court found that the police had been dispatched to Fosmire and Evans’ residence in reference to a report of domestic violence report, Evans was arrested for domestic battery, and Fosmire gave the police permission to search her apartment for suspected stolen fishing equipment. The court found that Fosmire’s consent to search the Sony tablet was voluntary, it was reasonable for the police to rely on Fosmire’s consent to look through the tablet, and concluded that Fosmire had actual authority to consent to the search of the apartment and apparent authority to consent to the search of the tablet, which was not password protected and in plain view with the fishing equipment believed to be stolen.
The court, however, was persuaded that the seizure of the three cell phones from Fosmire’s residence was without warrant or any legal justification. Accordingly, it granted the motion to suppress the three cell phones and any evidence flowing therefrom.
The State asserts that the trial court erred in granting Fosmire’s motion to suppress as it related to two of three cell phones, because Fosmire lacked standing to object to the search and seizure of the two cell phones when she disclaimed ownership. We note that the trial court did *1156 not address this specific argument in the order on appeal. We recognize that the trial court may not have even been presented with this argument before it entered the order, as the State first raised this argument in its addendum to its response to Fosmire’s motion to suppress. This addendum does not appear as being filed in the record until three days after the order at issue was entered.[1] Nevertheless, we hold this argument preserved for appeal, because an argument regarding standing to contest the search and seizure of evidence has been subsumed into Fourth Amendment issues and may be raised for the first time on appeal. See State v. Fernandez, 86 So.3d 120, 123 (Fla. 2d DCA 2010); St. John v. State, 400 So.2d 779, 780 (Fla. 1st DCA 1981).

Standing

A defendant who voluntarily abandons property or disclaims ownership lacks standing to challenge its search and seizure. See Mori v. State, 662 So.2d 431, 431 (Fla. 3d DCA 1995); see also State v. Jones, 454 So.2d 774, 776 (Fla. 3d DCA 1984) (holding that “Courts have uniformly recognized that the disclaiming of ownership or knowledge of an item ends any legitimate expectation of privacy in that item.”).
Here, Fosmire does not dispute that she disclaimed ownership in Evans’ two cell phones, but attempts to distinguish this case from the case law above by asserting that the State fails to recognize that no place is afforded more protection under the Fourth Amendment than a person’s home; thus, her expectation of privacy in her home afforded her a possessory interest in Evans’ cell phones. We do not find merit in this argument under the facts of this case.
In Mori v. State, the Third District reviewed a trial court’s denial of the defendant’s motion to suppress a wallet found in the defendant’s home and the evidence that flowed from it. 662 So.2d at 431. The police were called to a reported burglary at both the defendant’s apartment and his adjacent neighbor’s apartment. Id. The defendant was arrested, but maintained that he was the victim, not the perpetrator. Id. Acting on the defendant’s claim, the police officer and the handcuffed defendant entered his apartment to inspect his back door. Id. The officer also asked the defendant for identification and followed him as he proceeded to his bedroom. Id. The officer saw a wallet on the defendant’s dresser and, looking at the defendant, simultaneously opened the wallet while asking if it was the defendant’s property. Id. The defendant immediately denied ownership of the wallet and claimed that it was dropped by the burglar. Id. On appeal, the defendant did not challenge his custodial arrest, and it was undisputed that the police had a lawful right to be inside his apartment. Id. The Third District concluded that “[wjhere a defendant voluntarily abandons property, he thereafter lacks standing to challenge its search or seizure.” Id. (citing State v. Daniels, 576 So.2d 819 (Fla. 4th DCA 1991)).
Here, like Mori, the trial court clearly made a finding that the police had a lawful right to be inside Fosmire’s residence. The trial court found that Fosmire had invited the police into her home, gave consent to search for stolen fishing equipment property, to run serial numbers on the electronics that could have potentially been stolen, and to look at the Sony tablet. Also like Mori, it is undisputed that Fos- *1157 mire disclaimed any ownership of two of the three cell phones. Under these circumstance, Fosmire lacked standing to challenge the seizure of Evans’ two cell phones. Accordingly, we reverse the portion of the trial court’s order suppressing Evans’ two cell phones.
AFFIRMED in part, REVERSED in part, and DISMISSED in part.
VAN NORTWICK, J., and NORTON, VIRGINIA, B., Associate Judge, concur.

. We note that the State did file, on the same date as the order at issue, a "Directions to the Clerk” that noted the State's addendum was filed on the date of the suppression hearing, but the addendum did not appear on "Benchmark.” The State requested that the Clerk make sure its addendum was transmitted on appeal.