# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-3199

_____

AUSTIN BATES,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Leon County.
Joshua Hawkes, Judge.

October 9, 2024

OSTERHAUS, C.J.

Austin Bates appeals his conviction for capital sexual battery, two counts of lewd or lascivious molestation, video voyeurism on a child, and fifty counts of possession of child pornography. Bates contends that the trial court erred in denying his motions to dismiss and to suppress, as well as committed fundamental error with respect to references made at trial to additional uncharged images of child pornography. We affirm.

## I.

Bates was married to the mother of the child victim in this case. The victim lived with her mother along with Bates and his children. When the victim was in the sixth grade, Bates began sexually abusing her in various ways and taking photographs and

videos of his deeds. The victim testified that Bates molested her and took photos of her many times.

After the victim and her mother reported Bates's crimes to the police, law enforcement sought a warrant to search Bates's home. After seizing several electronic devices, the police sought another warrant to search the contents of the devices. Describing that Bates had taken abusive photos of the child victim, the search warrant affidavits relayed that the victim "stated the suspect used his blue and black Android cellular phone to take photos and has installed video cameras throughout the house that may have recorded the incident. [The victim] stated the suspect keeps the photos in an electronic file on his phone." While law enforcement was not able to access Bates's phone, his laptop yielded lots of incriminating evidence. Officers found sexual pictures of the victim and hundreds of other images of child pornography.

Ultimately, the case went to trial, where a jury convicted Bates on all charges. The trial court sentenced him to life in prison on the first three counts and to fifteen years for each remaining count.

## II.

Bates makes three arguments on appeal for reversing his conviction.

## A.

First, he contends that the trial court should have dismissed the case due to the overly vague language in the information that carried through to the jury instructions and verdict form. Specifically, Bates argues that the charging documents, jury instructions, and general verdict form, by using disjunctive language, allowed the State to secure a conviction without agreement by the jury on Bates's underlying criminal acts. Count 1 of the Information, for instance, alleged sexual battery by union with the victim's vagina "and/or" mouth. In counts 2-3, the Information alleged the defendant touched the victim's "breast, genitals, genital area, *or* buttocks . . . *or* forced or enticed the child to so touch him."

But the argument Bates raises on appeal is not the same one that he raised in his motion to dismiss. In the trial court, Bates didn't raise the possibility of non-unanimous conviction, nor did he challenge the jury instruction or verdict form. Instead, Bates's pretrial motion to dismiss asserted that the charging language was "duplicative" and didn't give him clarity regarding the method of the offense being charged.

Because Bates is raising a different argument on appeal, it is not properly preserved. *See, e.g., Pisano v. Mayo Clinic Florida*, 333 So. 3d 782, 788 (Fla. 1st DCA 2022) ("The preservation requirement has been strictly construed to require that the 'specific legal argument or ground to be argued on appeal must be part of that presentation [below] if it is to be considered preserved.'") (quoting *Archer v. State,* 613 So. 2d 446, 448 (Fla. 1993)). Moreover, Bates's argument doesn't show fundamental error, or even plain error because of the "and/or" and disjunctive language. *See, e.g., Perry v. State*, 10 So. 3d 695, 697–98 (Fla. 1st DCA 2009) (allowing "and/or" language in the verdict form as to the method of sexual battery committed against a child because nothing requires "a special verdict form which adds specificity to the statutory definition of sexual battery in order for a jury to find a defendant guilty of committing sexual battery").

B.

Bates next challenges the trial court's denial of his motion to suppress evidence taken from a laptop computer, claiming an unlawful search. Specifically, he claims there was no nexus between the charged criminal conduct and a laptop computer seized at his house, the search of which yielded videos and photos of child pornography. "In reviewing a trial court's ruling on a motion to suppress, '[t]he standard of review for the trial judge's factual findings is whether competent substantial evidence supports the judge's ruling' and the 'standard of review for the trial judge's application of the law to the factual findings is de novo.'" *Hall v. State,* 248 So. 3d 1227, 1229 (Fla. 1st DCA 2018) (quoting *Butler v. State*, 706 So. 2d 100, 101 (Fla. 1st DCA 1998)).

For Fourth Amendment purposes, a 'search' happens "when an individual's reasonable expectation of privacy is infringed by an agent of the government." *Duke v. State*, 255 So. 3d 478, 480 (Fla.

3

1st DCA 2018) (citing *United States v. Jacobsen*, 466 U.S. 109, 113, (1984)). And "[b]efore a defendant may invoke the protections of the Fourth Amendment, he must establish standing by showing that he has a legitimate expectation of privacy in the area searched or the item seized." *State v. Williams*, 184 So. 3d 1205, 1208–09 (Fla. 1st DCA 2016). Here, conversely, given an opportunity at the suppression hearing, Bates did not establish a legitimate expectation of privacy in the laptop. When asked by the trial court about its ownership, Bates declined to assert that the computer was his. Under these circumstances, we see no error in the trial court's denial of his motion to suppress. *See State v. Fosmire*, 135 So. 3d 1153, 1156 (Fla. 1st DCA 2014) ("A defendant who . . . disclaims ownership lacks standing to challenge its search and seizure.").

But even if Bates had claimed the laptop, he still wouldn't prevail here because "the exclusionary rule does not apply when officers obtain evidence in reasonable reliance on a search warrant even if it is later found that the warrant was unsupported by probable cause." *Wingate v. State*, 289 So. 3d 566, 569 (Fla. 1st DCA 2020) (citing *United States v. Leon*, 468 U.S. 897, 926 (1984). "Suppression is reserved as a remedy only in cases where a warrant is based on an affidavit so lacking in any indicia of probable cause as to render 'an officer's belief in its existence entirely unreasonable.'" *State v. Sabourin*, 39 So. 3d 376, 384 (Fla. 1st DCA 2010) (quoting *Leon*, 468 U.S. at 922). Here, the warrant was not so lacking in indicia of probable cause to render reliance on the warrant unreasonable. Rather, based on victim-provided statements, the search warrant affidavit described Bates to have taken sexually abusive images of the child victim on his phone and via a home-camera surveillance system. With the victim's description of illicit acts and a camera system, the affidavit easily supported both the trial court's issuance of the warrant and the officers' reliance because of the common-sense expectation that the home-camera footage of the criminal conduct would be stored and viewable on a computer-control device. *Id.* (setting forth the magistrate's obligation to make a "common-sense decision as to whether there is a fair probability evidence of a crime will be found at a particular place"). The trial judge expected that such a control unit would be receiving and storing footage from the home camera system (wirelessly or using memory cards) from which the footage

4

could be viewed. We see no basis for excluding evidence here where the officers reasonably relied on the search warrant.

We acknowledge Bates's argument that *Burnett v. State*, 848 So. 2d 1170 (Fla. 2d DCA 2003), suppressed similar computer-derived evidence in a different case involving videotapes of children. But that case involved different facts from a different technological era. In *Burnett*, the defendant was alleged to have videotaped young boys using a video camera and videotape. *Id.* at 1171. Upon hitting the play mode on the camera, officer viewed the footage and seized the evidence. They then sought and received a search warrant allowing them to seize the defendant's home computer based on general allegations that "people involved in child pornography . . . commonly are involved with receiving or transmitting like images of children engaged in sexual performances on their computer." *Id.* at 1172. The officer's search of the computer provided further evidence of wrongdoing. *Id.* On appeal, however, the Second District suppressed the computer evidence. It found no foundational nexus between the defendant's criminality and the computer because the warrant didn't describe "a factual link between the video camera and the functioning capability of the home computer so that images could be transferred." *Id.* In Bates's case here, however, the underlying facts are different. We aren't dealing with an old-school camcorder and videotape in which the viewing and storage of video can happen independent of a computer. Rather, the officers here could reasonably rely on the search warrant and the common-sense probability that footage from Bates's home camera system would be linked to such a computer-control device.

Bates also contends that the warrant was overbroad because it authorized a search of among other things "mobile messaging, emails, contact/phonebook information, incoming and outgoing call information, documents, data/meta data information, calendar entries, passwords, phone application information, stored location data, audio files, Internet activity to include Internet history, [and] third-party application content and information." He contends that these items had no connection to the suspected offense. But, here, Bates has not shown that any evidence came from the purported overbroad portion of the warrant. Apparently, law enforcement could not get into Bates's mobile phone. And at trial, the images

entered into evidence came instead from the hard drive of his laptop (discussed above). Any overbreadth in the warrant did not taint the remaining portions that were not overbroad. *See Johnson v. State*, 660 So. 2d 637, 644 n. 3 (Fla. 1995) ("American jurisdictions are in general agreement that partial invalidity of a warrant does not in itself render the remainder invalid.").

## C.

Finally, Bates contends that fundamental error occurred, when, at trial, a reference was made to around 500 child pornography images even though he was only charged with fifty counts of possession. "Fundamental error is error that reaches down into the validity of the trial itself to the extent that a verdict of guilt could not have been obtained without the assistance of the alleged error." *Jackson v. State*, 301 So. 3d 477, 480 (Fla. 1st DCA 2020) (quoting *Mendoza v. State*, 964 So. 2d 121, 131 (Fla. 2007)). Although we recognize that collateral crime evidence is often extremely prejudicial and presumptively harmful when improperly admitted, *see McLean v. State*, 934 So. 2d 1248, 1255 (Fla. 2006); *Moss v. State*, 169 So. 3d 223, 229 (Fla. 1st DCA 2015), no fundamental error exists here. Rather, the jury had in evidence fifty images of child pornography pulled from Bates's computer. With fifty such images already in evidence, we reject the argument that the jury would have acquitted but for the brief mention of additional images. The mention of additional images did not tip the scales or otherwise increase Bates's risk of conviction.

## III.

The judgment and sentence is AFFIRMED.

ROWE and LONG, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Jessica J. Yeary, Public Defender, and Ross S. Haine, II, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Adam B. Wilson, Assistant Attorney General, Tallahassee, for Appellee.